THE STATE OF OHIO, APPELLEE, *v.* WARD, APPELLANT.

(No. 3287—Decided February 21, 1968.)

*Mr. Walter Dodsworth,* for appellee.
*Mr. John Ward, Jr., in propria persona.*

CRAWFORD, P. J. Defendant seeks leave to appeal his conviction entered on October 26, 1967. He submits an affidavit of indigence, applies for the appointment of counsel to conduct the appeal and asks that he be furnished necessary transcript, etc.

He asserts that he never knowingly and intelligently waived his right to counsel for the purpose of appeal. That statement has been questioned by the prosecutor. The facts can be determined only by a hearing. The appropriate tribunal for such a hearing is the trial court, where the facts occurred.

Applicant cites the cases of *Douglas* v. *California,* 372 U. S. 353, 9 L. Ed. 2d 811, 83 S. Ct. 814, and *State* v. *Catlino* (1967), 10 Ohio St. 2d 183. In the *Douglas case* it appears that a timely appeal was taken. In the *Catlino case* there was no contention that the defendant had waived his right to appointment of counsel to conduct his appeal.

The procedure in the *Catlino case* is important here. The appellant in that case, as presently in this, first filed a motion for leave to appeal. His motion was denied; the Supreme Court of Ohio denied appeal; and the Supreme Court of the United States denied certiorari. The Supreme Court of Ohio subsequently denied a writ of habeas corpus.

Thereafter, the appellant, Catlino, filed a petition for postconviction relief. The dismissal of that petition was affirmed by the Court of Appeals, but reversed by the Su-

preme Court which, after observing that there was no claim that the prisoner had waived his rights, remanded the cause to the Court of Common Pleas with instructions to appoint counsel to represent the prisoner on appeal and to provide the necessary transcript. Thus, the Supreme Court recognized that these questions should be first considered, in a proper case, by the Court of Common Pleas as part of the postconviction procedure provided by Section 2953.21 *et seq.*, Revised Code. The opinion suggests that thereafter, upon application for leave to appeal diligently prepared by counsel, the Court of Appeals will exercise its discretion thereon.

Hence, pursuit of the postconviction remedy is the proper method for determining in the first instance whether defendant has knowingly and intelligently waived his right to appeal and to have counsel appointed for that purpose. We have no way of knowing. All that is before us is his bare assertion that he did not. Furthermore, we do not as yet have authority to appoint counsel upon appeal. Only the Court of Common Pleas may do so.

If postconviction relief is denied, that denial may be appealed. Section 2953.23, Revised Code. If it is granted, appointed counsel may present an application for leave to appeal the conviction in such manner as will enable us intelligently to pass upon it.

The present application for leave to appeal is denied.

*Application denied.*

KERNS and SHERER, JJ., concur.