THE STATE OF OHIO, APPELLEE, *v.* JAMISON, APPELLANT.

[Cite as State v. Jamison, 20 Ohio App. 2d 196.]

(No. 4892—Decided November 18, 1969.)

*Mr. Vincent E. Gilmartin*, prosecuting attorney, and *Mr. John A. Kicz*, for appellee.
*Mr. Winfred Jamison*, in propria persona.

JOHNSON, J. On April 11, 1958, petitioner was found guilty of murder in the first degree. The jury recommended mercy. An indigent, he was defended by two court-appointed counsel. Prior to the time limit for filing a notice of appeal he was incarcerated in the penitentiary.

Petitioner claims that during the time limit for filing a notice of appeal, he was not represented by counsel and did not waive his right to appeal or his right to counsel. This claim, set out in a motion for leave to appeal, was denied by this court on October 9, 1968, on the authority of *State* v. *Ward*, 13 Ohio App. 2d 202:

"1. Where an indigent prisoner asks leave to appeal his conviction for the reason that he did not knowingly and intelligently waive his right to appeal and to the appointment of counsel for appeal, leave will be denied unless the question whether he did so waive has first been adjudicated.

"2. A postconviction proceeding is the proper method of determining whether an indigent prisoner did in fact knowingly and intelligently waive his right to appeal and to the appointment of counsel for appeal."

On October 21, 1968, pursuant to Section 2953.21,

Revised Code, petitioner filed a postconviction petition claiming a denial of his constitutional rights, stating:

"4. The defendant was denied the right to appeal from his conviction and sentence, and defendant did not intelligently and understandingly waive his right to appeal and to the appointment of counsel on appeal."

His assertion that he never knowingly waived his right to appeal and his right of counsel for the purpose of appeal was denied by the trial court, which dismissed his petition.

A notice of appeal was timely filed *pro se*, accompanied by motion to proceed in *forma pauperis* with an affidavit of indigency.

Plaintiff, appellee herein, has filed a motion to dismiss the appeal for failure to file assignments of error and briefs.

No evidentiary hearing was conducted by the trial court. The trial court received from the two appointed trial counsel an affidavit to the effect that petitioner had been apprised of his right to appeal and of his right to court-appointed counsel. The affidavit stated that defendant was happy that he had escaped the death sentence, and therefore had no desire to appeal.

In *Jones* v. *State*, 8 Ohio St. 2d 21, at page 22, the Supreme Court made the following observations in a case involving waiver of counsel:

"Under the provisions of this section, it is the mandatory duty of the trial court to make findings of fact and conclusions of law if a petitioner raises an issue properly cognizable under the Postconviction Remedy Act, the resolution of which requires the determination of facts.

"If such facts may not be determined from an examination of the court records, it is the duty of the court, by deposition or otherwise, to conduct a hearing to obtain the necessary information to make the required findings of fact and conclusions of law.

"* * *

"The contention that there was no effective waiver of counsel raises issues of fact as to whether the accused was

properly informed of his right to counsel, whether he was mentally capable of understanding such right and whether he intelligently and knowingly waived such right.

"These are questions which cannot ordinarily be determined from an examination of the records, at least as to the mental capabilities of the accused."

The addition of an affidavit to the files and records is not helpful in such determination for the affidavit of trial counsel is not a document or testimony received in evidence in the original criminal case. It thus cannot be given any credence or used to support a judgment of dismissal. See *State* v. *Mattox*, 8 Ohio App. 2d 65.

Further, in a postconviction proceeding, it is error for a judge to rely upon facts personally known to him, but not presented in evidence, for such reliance constitutes a denial of the petitioner's right of confrontation, cross-examination and an impartial tribunal. *State* v. *Denoon*, 8 Ohio App. 2d 70.

Accordingly, the motion of appellee to dismiss the appeal herein is denied, and this cause is reversed and remanded to the trial court for hearing on the question of whether the defendant knowingly and intelligently waived his right to appeal and his right to counsel on appeal.

The trial court is ordered to appoint competent counsel for the purpose of such hearing. If the court thereafter dismisses the petition it shall make findings of fact and conclusions of law with respect to such dismissal.

*Judgment accordingly.*

LYNCH, P. J., and O'NEILL, J., concur.