THE STATE OF OHIO *v.* BENTON.

(No. 87867—Decided March 2, 1970.)

Common Pleas Court of Hamilton County.

*Mr. Melvin G. Rueger*, prosecuting attorney, and *Mr. Leonard Kirschner*, for plaintiff.
*Mr. Donald F. Colegrove*, for defendant.

CASTLE, J. The above captioned matter is before this court on plaintiff-respondent's motion to dismiss, which motion is addressed to defendant-petitioner's action brought pursuant to R. C. 2953.21 *et seq.*, more commonly referred to as Ohio's postconviction remedy statute.

The defendant was charged by indictment returned by the grand jury with the crime of breaking and entering an inhabited dwelling in the night season, R. C. 2907.09, which issue was tried to the court, a jury having been waived, in January of 1967. The present petition of the defendant, filed by privately retained counsel, to which the motion to dismiss is addressed, was filed with this court on December 12, 1969, just one month short of three years after defendant's conviction and sentencing.

With respect to Ohio's postconviction remedy statute since its adoption by the state Legislature in July of 1965 it is interesting to note in retrospect that this provision has been the subject of possibly as much, if not more, judicial consideration than any other aspect of criminal law. That this statute has created a great deal of confusion with respect to its application seems to be a totally justified conclusion. The comment has often been made, when considering its provisions and ramifications, that "just as litigation must at some point in time commence it must also at some point in time be concluded, * * * but where under this statute is that point of termination?"

With respect to petitioner's present action, he alleges his constitutional rights were denied on seven grounds. Attached to the petition are affidavits in support of the seven grounds set forth by the petitioner as to why his constitutional rights were denied.

In response to that petition, respondent, the state of Ohio, filed a motion to dismiss. In essence the movant, addressing itself to the petition and the seven grounds for relief stated therein, avers that none of those allegations in the petition to vacate apply to any portion of the record and that therefore none of those allegations would make the judgment (of conviction) either void or voidable under the Ohio Constitution or under the Constitution of the

United States. Movant states further that the seven grounds of alleged error merely go to defendant's right of appeal which right arises subsequent to the judgment; and that a petition to vacate pursuant to R. C. 2953.21 should address itself to matters which would render the judgment void or voidable, i. e., prior to or up to and including judgment and sentencing. The plaintiff-respondent movant did further set forth in its arguments that this court is without authority to extend the time for the filing of an appeal in the appellate courts and, even if this court were to have found that it had jurisdiction to hear this case and, even if the court were to believe the allegations of the defendant-petitioner and find that he was deprived of certain constitutional rights with regard to his appeal, this court could do nothing relative to the extension of the time for the defendant to file an appeal or to grant the defendant-appellant the right of appeal. The plaintiff-respondent-movant in these proceedings, further argued that for this court to go into these matters, it would merely be affording a hearing relative to a moot problem. Plaintiff-respondent-movant further argued that the courts will not undertake trials and hearings on moot issues, on which this court has no authority to render a verdict.

In opposition to the motion, petitioner's privately retained counsel cites the case of *State* v. *Ward,* 13 Ohio App. 2d 202, and the case of *State* v. *Jamison,* 20 Ohio App. 2d 196. The court has reviewed both of those cases and agrees with the petitioner that possibly either or both of those cases do support the petitioner's position, namely that Ohio's postconviction remedy statute, R. C. 2953.21, has application to situations concerning the right of appeal, waiver of counsel on appeal, etc.

However, this court has also considered in some detail the authority as set forth by the plaintiff-respondent-movant in these proceedings, namely, *State* v. *Perry,* 10 Ohio St. 2d 175. In considering this case along with a most liberal interpretation of the statute itself it appears that the focal point of our consideration should be the following extracted words in the code section: "* * * such a de-

nial or infringement of his rights *as to render the judgment void or voidable* under the Ohio Constitution or the Constitution of the United States, * * *." (Emphasis supplied.)

In the case of *State* v. *Perry, supra,* it appears to this court that Mr. Justice Taft's opinion is totally dispositive of the question before us and, in fact, is contrary to the two Court of Appeals decisions cited by the defendant-petitioner. In a well-reasoned opinion, Mr. Justice Taft, addressing himself to what, in this court's opinion, should be our first consideration when analyzing a postconviction remedy petition brought pursuant to R. C. 2953.21, points out that the words in the statute itself expressly limit its application to *void or voidable* judgments. Mr. Justice Taft considers in some detail, the legal significance of (1) void judgments, (2) voidable judgments and (3) the doctrine of *res judicata* in its application to a judgment of conviction.

It has not been contested and I believe it would be conceded that the judgment entered against this defendant is not void, in that the court entering that judgment had jurisdiction over both the defendant and the subject matter. Therefore we come to the question of whether or not the judgment is *voidable.*

It is to be specifically noted that the defendant-petitioner in the seven grounds that he has listed as to why the Petition to Vacate Sentence should be granted has not indicated a single ground as to any error which occurred prior to the trial, at the time of the trial, or at the time of the sentence. The only allegations of error that he cites in the seven grounds for his petition to vacate sentence are errors which are alleged to have occurred *subsequent* to the finding of guilt and time of sentence. Accordingly, these being the only errors which the defendant-petitioner has cited in his seven grounds as set forth in his petition to vacate sentence and since all errors are alleged to have occurred subsequent to the sentence involved in these proceedings, this court finds that the plaintiff-respondent-movant's position, with respect to each and every ground as

set forth by the defendant-petitioner, is well taken; hence the motion to dismiss the petition to vacate, based as it presently is upon those grounds alleged, should be granted.

It is to be further pointed out for the purpose of the record that the defendant-petitioner has not been denied any constitutional rights nor has he been denied his avenue of appeal. R. C. 2953.05 provides that the Court of Appeals may accept an appeal after the thirty-day time limitation.

It seems to this court therefore, in conclusion, that considering all aspects of the defendant-petitioner's position that they relate to matters which even if considered to be prejudicial to the constitutional rights of the defendant-petitioner are matters to be considered only by a court having appellate jurisdiction over the original court which heard the matter. The very essence of the defendant-petitioner's allegations appear to be matters within the discretion of the Court of Appeals when considering the petitioner's motion for leave to appeal and are not matters which may be properly considered by this court under the postconviction remedy statute he relies upon.

Accordingly, the motion to dismiss the petition to vacate sentence heretofore filed in these proceedings is hereby granted and the plaintiff-respondent is hereby instructed to prepare an entry reflecting this court's opinion and present same within fifteen days. It is to be further noted that the defendant-petitioner may note his exception to the above entitled opinion and entry thereon.

*Motion granted.*