Defendant-appellant, Douglas Sherritt, appeals from two decisions of the Montgomery County Common Pleas Court, one granting summary judgment in favor of the state on appellant's petition for post-conviction relief and one denying appellant's motion to withdraw his plea of guilty after sentence. Appellant presented evidence of a conference between defense counsel and the trial judge that occurred after he entered his guilty pleas but before sentencing. Appellant argues that this conference resulted in prejudice to him from a mistake over when the proper time would arise to file a motion for probation under former R.C. 2947.061
(now repealed). As a result, appellant claims, he lost his opportunity for shock probation.
 I.
On October 20, 1992, appellant was indicted by the Montgomery County Grand Jury on nineteen different criminal counts. On April 9, 1993, appellant entered into a proffer agreement with the prosecuting attorney and law enforcement agencies involved in his case. Appellant entered into a written plea agreement on July 23, 1993, wherein he agreed to plead no contest to two of the counts and guilty to eight of the counts, including one count of engaging in a pattern of corrupt activity against R.C. 2923.32. The state entered nolle prosequi on the remaining counts. On that day, the agreement was approved by the trial court and appellant duly pleaded in accordance with the agreement. On December 28, 1993, the trial court imposed an indefinite sentence lasting between five and twenty-five years on the corrupt activity charge and concurrent one-year sentences on all the remaining charges.
On December 1, 1994, after serving almost a year of his sentence, appellant filed a motion for shock probation. On December 20, the State filed a brief in opposition pointing out that the appellant's motion was filed outside the statutory limitations period for such motions. Appellant later withdrew his motion. On March 17, 1995, appellant filed a motion to withdraw his guilty plea and to be resentenced on the corrupt activity count. In his motion, appellant maintained that resentencing would permit him to reapply for shock probation within the period of limitations.
Appellant also explained in his motion the cause of delay in filing his shock-probation motion. This explanation was later supported by an affidavit of appellant's trial attorney filed as an attachment to a later motion. Appellant's trial attorney explained that, after his client had pleaded guilty, but before sentencing, he had engaged in an ex parte conversation with the trial judge. In that conversation, the trial judge indicated his desire that appellant serve at least one year of his sentence. The judge and attorney discussed the possibility of filing a motion for "super-shock probation" under R.C. 2947.061(B) after appellant had served a year in jail. However, because appellant's conviction for corrupt behavior was not for an aggravated felony, the statutory provision governing appellant's motion for probation was the "shock probation" provision of subsection (A) to R.C.2947.061, not the "super-shock" provision of subsection (B). Subsection (A) required that a motion be filed between thirty and sixty days after the movant was placed in custody. Thus, the discussion of filing for probation after one year was mistaken. Appellant's trial attorney credited this conversation with provoking the error of the untimely probation filing.
On August 7, appellant moved the court for post-conviction relief premised on the same factual claims as his motion to withdraw his plea. The State filed memoranda in opposition to both these motions. On November 29, appellant filed another motion for resentencing. Also, on November 29, the original trial judge disqualified himself because he might be called as a witness in any evidentiary hearing on appellant's claims. The case was then transferred to a different judge.
On July 24, 1996, appellant, through new counsel, filed a petition for post-conviction relief seeking to set aside or vacate his sentence. The affidavit of appellant's original trial counsel was attached to this motion. Soon thereafter appellant withdrew all his previous motions for relief. The State responded by moving for summary judgment on the post-conviction petition. Appellant then filed his own motion for summary judgment. On September 12, 1996, appellant resubmitted a motion to withdraw his guilty plea. On January 14, 1997, the trial court entered two decisions. First, the court granted the State's motion for summary judgment on appellant's post-conviction relief petition. Second, it overruled appellant's motion to withdraw his plea. Appellant filed his notice of appeal from these decisions on February 7.
 II.
Appellant raises three assignments:
 THE TRIAL COURT ERRED WHEN IT DECLINED TO EXAMINE APPELLANT'S INEFFECTIVE ASSISTANCE OF COUNSEL'S ARGUMENT.
 THE TRIAL COURT ERRED IN RULING ON APPELLANT'S MOTIONS WITHOUT AFFORDING A HEARING IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS UNDER UNITED STATES AND OHIO CONSTITUTIONS.
 THE TRIAL COURT ERRED IN FAILING TO PERMIT APPELLANT TO WITHDRAW HIS PLEA WHEN SAID WITHDRAWAL WOULD HAVE CORRECTED A MANIFEST INJUSTICE AND PERMITTED THE COURT TO CORRECT ITS OWN ERROR REGARDING SENTENCING.
 Appellant argues that his petition for post-conviction relief should have been granted because he was denied effective assistance of counsel. Specifically, he argues that his attorney's mistake as to the period of limitations for filing a proper motion for probation deprived him of adequate assistance. Alternatively, appellant argues that the loss of his opportunity to seek probation caused a manifest injustice that supported his motion to set aside his conviction and withdraw his plea. Thus, he claims, the court erred in denying his motion. Because the standards of review differ between the two forms of relief claimed by appellant, we will address them separately.
 A.
Post-conviction review is not a constitutional right; the convicted defendant has only the rights granted by the legislature. State v. Moore (1994), 99 Ohio App.3d 748, 751. Post-conviction procedure is governed by Chapter 2953 of the revised code. Section R.C. 2953.21(A)(1) of that chapter provides:
 Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief. (Emphasis added.)
Under this provision, a petitioner is required to show some constitutional defect in the judgment against him before he will be entitled to relief. The facts shown in the affidavit supporting appellant's motion fail to do this.
According to the affidavit, the ex parte conversation between the trial judge and appellant's trial attorney took place before sentencing. However, as the statement of facts in appellant's brief to this court shows, the conversation took place after appellant had already pleaded guilty. Thus, whatever errors his attorney may have made as a result of this conference, they did not induce appellant's plea. Accordingly, appellant failed to make any viable showing, based on these facts, that the proceeding in which he entered his plea was constitutionally defective. Plaintiff also has made no claim that the sentencing proceeding was defective in any way. Thus, appellant has not shown that the judgment against him was either void or voidable. As a matter of law, the relief afforded under Chapter 2953 cannot apply.
Likewise, appellant has failed to show ineffective assistance of counsel as a constitutional basis for a post-conviction claim of relief. Generally, claims of ineffective assistance of counsel are evaluated by a two-part test: "First, the defendant must show that counsel's performance was deficient. * * * Second, the defendant must show that the deficient performance prejudiced the defense." Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064, 80 L.Ed.2d 674. In the instant case, the defendant has failed to show any prejudice that affected the judgment of conviction and resulted from his trial counsel's performance. Even if appellant's attorney relayed to him the circumstances of the ex parte conference — something that is not supported by affidavit or other evidence — appellant's plea could not have been induced by the information because it was entered prior to the conference.
Appellant argues that prejudice has occurred from the failure to file for shock probation within the sixty day period set by R.C. 2947.061(A). This is a form of prejudice, however, that is not remediable through a post-conviction petition under R.C.2953.21. See State v. Muldrow (December 21, 1983), Hamilton App. No. C-830162, unreported, at 2-3. Post-conviction relief is not generally available for errors that occur after conviction because such errors do not render the judgment of conviction either void or voidable. See State v. Armstrong (1988), 56 Ohio App.3d 105,105; State v. Custer (February 8, 1983), Darke App. No. 1070, unreported, at 1; State v. Benton (1970) 24 Ohio Misc. 120, 124. Although the predicate for trial counsel's error may have arisen during the pre-sentence conference, before the judgment was entered, the error itself did not occur until after the time for filing a probation motion expired. It occurred, therefore, after judgment and could not render the judgment constitutionally defective. For such an error, post-conviction relief is not available. Accordingly, the trial court acted properly in granting the state's motion for summary judgment. The first assignment of error is overruled.
 B.
Appellant also contends that ineffective assistance of counsel created a manifest injustice meriting withdrawal of his guilty plea under Crim.R. 32.1. He asserts, therefore, that the trial court erred in overruling his motion. Crim.R. 32.1 states:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea. (Emphasis ours).
 Because appellant's motion for withdrawal of his plea was filed after his sentence was imposed, the rule only permitted the trial court to grant the motion to correct a manifest injustice. A motion under Crim.R. 32.1 is addressed to the sound discretion of the trial court. State v. Smith (1977), 49 Ohio St.2d 261, syllabus. Thus, an appellate court will only reverse the determination of a post-sentence motion to withdraw a guilty plea if there was an abuse of the trial court's discretion. State v. Blatnik (1984), 17 Ohio App.3d 201, 202. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
A trial court does not err in dismissing a post-sentence motion to withdraw a guilty plea if "the facts alleged by appellant and accepted as true do not result in manifest injustice." Blatnik, 17 Ohio App.3d at 204. It is clear that appellant's plea could not have been falsely induced by events that occurred subsequent to his pleading. Thus, appellant has not alleged an injustice that occurred in the entry of the plea or in the judgement.
Cases examining post-sentence motions to withdraw pleas have universally looked for some defect affecting the decision to plead guilty. See, e.g., State v. Legree, (1988), 61 Ohio App.3d 568,572 ("[The] only argument left open * * * is that * * * appellant took this misrepresentation into account in deciding to plead guilty, and therefore suffered manifest injustice."); cf. Annotation (1971), 38 A.L.R. Fed. 309, 346, Section 9 (stating that, under analogous Fed.R.Crim.P. 32(d), "the grounds * * * for withdrawal relate in essence to the lack of voluntariness on the part of the defendant in pleading guilty").
Although post-sentence motions typically treat defects in pleas, the rule comfortably applies to correct manifest injustices in sentences only. In this case, the defendant candidly admits the error did not occur in the plea process but only in the sentencing process. As such, the trial court could grant the defendant relief under Crim. R. 32.1 without vacating the defendant's plea.
In his motion to set aside the judgment of conviction, appellant contends that he cooperated extensively with the police in the months preceding his sentence and the trial court informed his counsel that he would suspend the sentence imposed after the defendant served a year in prison on the indefinite sentence.
Appellant contends the trial court's intentions regarding the suspension of his sentence were frustrated when both the trial judge and his trial lawyer were under the mistaken impression that the motion should be filed under the provisions of the "super shock" statute.
We agree with the appellant that a manifest injustice was perpetrated if the trial court's intentions were frustrated by the error in judgment on behalf of the court and counsel. The appellant's second assignment of error is Sustained. The appellant's third assignment is overruled.
Accordingly we remand the matter to the trial court for a hearing to determine whether the trial court's intention to grant shock probation to the defendant was in fact frustrated by his and counsel's errors in judgment. If those intentions were frustrated, the court should vacate the sentence imposed and reimpose it so an appropriate shock probation motion may be filed.
The judgment of the trial court is Reversed and Remanded for further proceedings.
FAIN, J., and GRADY, J., concur.
Copies mailed to:
Cheryl A. Ross
Patrick A. Flanagan
Terrence P. McTigue, Jr.
Hon. Barbara P. Gorman