70

(No. 8395—Decided October 11, 1966.)

*Mr. C. Howard Johnson*, prosecuting attorney, and *Mr. K. Michael Foley*, for appellee.
*Mr. Gerald A. Messerman*, for appellant.

Duffey, J. This is an appeal filed pursuant to Section 2953.23, Revised Code. Appellant, an inmate of the Ohio Penitentiary, applied to the Common Pleas Court of Franklin County for postconviction relief under Section 2953.21, Revised Code.

In his petition, appellant alleges that in pleading guilty to auto theft he was not represented by counsel, was not advised of his right to counsel and had no counsel appointed.

The records of appellant's criminal case, as contained in the transcript, are "silent," *i. e.*, they do not indicate anything as to appointment of counsel in the criminal proceedings.

Appellant was granted an evidentiary hearing on his application and was represented by counsel. He testified on direct

examination that at his preliminary hearing in the felony case he requested but was refused counsel, that at his arraignment in Common Pleas Court he had no counsel and had no funds for counsel, that he did not ask for counsel to be appointed because it had earlier been refused him, and that he said nothing whatsoever to the court, but nevertheless was sentenced to the Ohio Penitentiary on a plea of guilty. As the hearing judge observed, appellant's testimony is such as to claim not only a denial of his right to counsel, but that his sentencing to the Ohio Penitentiary was without a plea of guilty or a trial.

Appellant was questioned by the hearing judge. In the course of that questioning, the judge stated that he was the judge who presided at appellant's arraignment and that no person had ever been sent to the Ohio Penitentiary by him without being found guilty or entering a plea of guilty. The judge made no statement with respect to appellant's allegation that he had no counsel and was not advised of his right to counsel.

No other witnesses were called or testified and no other evidence was introduced. At the close of appellant's testimony, the judge dismissed the petition.

In our opinion, the judgment of dismissal is not supportable on the evidence properly presented and before the court. Accordingly, the cause must be reversed and remanded for further proceedings.

The hearing judge in this postconviction cause was also the arraigning judge in appellant's criminal case. The record here demonstrates that in passing upon appellant's testimony, the hearing judge relied not upon the evidence properly presented, but upon his personal recollection of what had occurred before him at the time of the arraignment. Since those recollections were never placed in evidence by testimony or stipulation, this court can only surmise what they may have been. Until presented properly, such recollections cannot serve as a basis for rejecting appellant's evidence.

The reliance of the hearing judge upon facts personally known to him, but not presented in evidence, constituted a denial of appellant's rights of confrontation, cross-examination and an impartial tribunal. See the reasons expressed in *State* v. *Mattox* (Nos. 8396 and 8397), 8 Ohio App. 2d 65.

Appellant has filed a motion for release pending the deter-

mination of his postconviction remedy petition. The motion is premature. Appellant is at present a prisoner by virtue of a final judgment of conviction. He, therefore, cannot qualify for release under the general statutes. The postconviction remedy law contains no provision for release pending determination. If appellant's conviction is vacated and he reverts to the status of a person under indictment awaiting trial, he may then apply for release in the usual manner.

The judgment of dismissal is reversed, and the cause is remanded for further proceedings.

*Judgment reversed.*

Duffy, J. (Presiding), and Troop, J., concur.

The State of Ohio, Appellee, *v.* Berry, Appellant.

[Cite as State v. Berry, 8 Ohio App. 2d 72.]