The STATE of Ohio, Appellee,

v.

BLANKENSHIP, Appellant.

[Cite as *State v. Blankenship* (1996), 115 Ohio App.3d 512.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA96-05-098.

Decided Nov. 4, 1996.

*John F. Holcomb*, Butler County Prosecuting Attorney, and *Richard A. Hyde*, Assistant Prosecuting Attorney, for appellee.

*Darryl J. Blankenship, pro se.*

---

WALSH, Presiding Judge.

Defendant-appellant, Darryl J. Blankenship, appeals an order of the Butler County Court of Common Pleas dismissing his petition for postconviction relief brought pursuant to R.C. 2953.21.

On January 20, 1984, appellant pleaded guilty to one count of aggravated robbery. Appellant was subsequently convicted and sentenced to six to twenty-five years' imprisonment. Appellant is currently serving his sentence at the Ross Correctional Institution in Chillicothe, Ohio. On April 2, 1996, appellant filed a petition for postconviction relief [1] in the trial court in which he alleged (1) that his trial counsel in 1984 was ineffective for failing to request that the trial court conduct a competency examination, which, appellant claims, would have shown appellant was incompetent when he pleaded guilty, and (2) that appellant's guilty plea was not entered knowingly, voluntarily, and intelligently due to his alleged incompetency. On April 5, 1996, appellant filed a motion asking that Judge Anthony Valen recuse himself from the postconviction proceedings due to the fact that appellant had filed a complaint with the Ohio Disciplinary Counsel against Judge Valen.

On April 12, 1996, appellee, the state of Ohio, filed a motion to dismiss appellant's petition. On May 13, 1996, the trial court dismissed the petition without an evidentiary hearing. That same day, the trial court also denied appellant's motion for recusal.

---

1. The record shows that between 1984 and 1996, appellant has filed at least six post-conviction relief petitions, including the petition at issue here.

■ Appellant timely filed this appeal and raises three assignments of error. In his first assignment of error, appellant argues the trial court erred in denying his motion for the recusal of Judge Valen. We disagree.

We note at the outset that we have not found, and appellant has not cited, any cases holding that a judge needs to recuse himself or herself from postconviction proceedings simply because the party seeking the judge's recusal (and postconviction relief) filed a disciplinary complaint against the judge.

■ It is well established that "the fact that a judge may be an adverse party in [separate civil actions] will not by itself automatically result in disqualification, particularly where * * * a party has demonstrated a pattern of filing lawsuits against judges assigned to his cases * * *." *In re Disqualification of Hunter* (1988), 36 Ohio St.3d 607, 608, 522 N.E.2d 461, 462. We find that if the fact that a judge is named as a defendant in a lawsuit filed by the party seeking recusal will not by itself warrant the recusal of the judge, *a fortiori* neither will a disciplinary complaint filed against the judge by the same party.

■ In addition, a court of appeals is without authority to pass upon the disqualification of a judge. *State v. Ramos* (1993), 88 Ohio App.3d 394, 398, 623 N.E.2d 1336, 1338. R.C. 2701.03 sets forth the procedure by which a party may seek disqualification of a judge. Appellant's first assignment of error is therefore overruled.

■ In his second assignment of error, appellant argues that the trial court erred in denying his petition without an evidentiary hearing. In his April 2, 1996 petition for postconviction relief, appellant argued (1) that he was not competent to enter a guilty plea in 1984, (2) that trial counsel was ineffective for failing to move for a competency evaluation, (3) that the trial court erred in 1984 in not *sua sponte* ordering a competency evaluation prior to accepting appellant's guilty plea, and (4) that due to his incompetency, appellant's 1984 guilty plea was not knowingly, intelligently, and voluntarily made. Appellant now argues that "the evidence before the court was more than sufficient to warrant an evidentiary hearing" on the foregoing claims. We disagree.

R.C. 2953.21(C) states:

"Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. Such court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If

the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal."

■ It is well established that R.C. 2953.21 "does not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required." *State v. Jackson* (1980), 64 Ohio St.2d 107, 110, 18 O.O.3d 348, 350, 413 N.E.2d 819, 822. Under R.C. 2953.21, a petition for post-conviction relief is subject to dismissal without a hearing if the petitioner, appellant here, fails to submit with the petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. *Id.*

After reviewing appellant's petition for postconviction relief and appellant's own affidavit attached to it, we find that appellant failed to meet his initial burden required by *Jackson* as appellant has not submitted evidentiary documents containing sufficient operative facts demonstrating substantive grounds for relief. Rather, appellant made broad conclusory statements, alleging a general history of alleged psychiatric treatments as well as having "mental/psychological character disorders." Appellant's statements do not meet the standard for granting an evidentiary hearing. *Jackson*, 64 Ohio St.2d at 111, 18 O.O.3d at 351, 413 N.E.2d 819, 822–823.

■ In his petition, appellant alludes to certain documents [2] which, appellant claims, establish that due to his psychiatric history, appellant was incompetent when he pleaded guilty in 1984. The documents were not filed with the petition. Appellant claims that the documents are in the possession of a federal district court in a pending federal habeas corpus action.[3]

However, even assuming, *arguendo*, that the contents of the records alluded to by appellant are as represented by appellant, we still find that appellant failed to meet the initial burden required by *Jackson*. We agree with the trial court that while the records "would establish that [appellant] was an emotionally disturbed child, or even that he may have been viewed as mentally ill, and that there were

---

2. The documents alluded to by appellant include notes by clinical psychologist Dr. Roger Fisher of Hamilton, Ohio, various alleged records of hospitalizations and out-patient status involving "psychiatric treatments" during appellant's young life prior to the 1984 guilty plea, records of Lebanon Correctional Institution allegedly revealing psychiatric counseling for auditory and visual hallucinations following his 1984 conviction, a report of psychiatric evaluation by Dr. T. Alquizola prepared for Judge William Stitsinger in 1986 in this case, a report of mental evaluation by Dr. Solomon Fulero for a plea of not guilty by reason of insanity in case No. CR93–07–0728, filed on January 24, 1994, and an alleged affidavit of appellant's mother to the effect that trial counsel knew of such hospitalizations and treatments before appellant's 1984 guilty plea.

3. Appellant gives the following citation: *Blankenship v. Wingard*, case No. C–2–95–626, U.S. District Court, Southern District of Ohio, Eastern Division, Columbus, Ohio.

attempts to provide him with treatment of mental health professionals," such records would fail to establish that appellant was legally incompetent in 1984.

■ Having a mental illness is not necessarily equivalent to being legally incompetent to stand trial. *State v. Berry* (1995), 72 Ohio St.3d 354, 650 N.E.2d 433, syllabus. "Incompetency must not be equated with mere mental or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting counsel." *State v. Bock* (1986), 28 Ohio St.3d 108, 110, 28 OBR 207, 210, 502 N.E.2d 1016, 1019. We therefore find that appellant's petition failed to submit evidentiary documents containing sufficient operative facts demonstrating that appellant was incompetent at the time of his 1984 guilty plea.

■ With regard to appellant's trial counsel's alleged ineffective assistance for failure to file a motion for a competency evaluation, we find that appellant has failed to adequately raise the issue of ineffective assistance of counsel. After reviewing the record as well as appellant's petition for postconviction relief, and absent any evidence that appellant was incompetent at his 1984 guilty plea, we agree with the trial court that "[appellant's] claim of ineffective assistance of counsel * * * fail[ed] to warrant an evidentiary hearing." See *State v. Wilcox* (1984), 16 Ohio App.3d 273, 275–276, 16 OBR 298, 299–301, 475 N.E.2d 516, 517–519.

■ With regard to appellant's claim that the trial court erred in not ordering *sua sponte* a competency evaluation of appellant prior to accepting his guilty plea, we note that the power of a trial court in a criminal prosecution to order an evaluation of the accused's competency is governed by statute in Ohio. Pursuant to R.C. 2945.37 and 2945.371, the trial court may raise, *sua sponte*, the issue of the accused's competency. The statutory language, however, clearly states that such course of action is within the trial court's sound discretion. As we have already stated, there was no evidence of appellant's incompetence at his 1984 guilty plea to warrant an inquiry into this matter upon the trial court's own initiative. After reviewing appellant's petition for postconviction relief, we find that appellant has failed to submit evidentiary documents containing sufficient operative facts demonstrating substantive grounds for relief.

■ Finally, with regard to appellant's claim that this 1984 guilty plea was not knowingly, intelligently, and voluntarily made, we note that we have held in a previous opinion that appellant's plea was made knowingly, intelligently, and voluntarily. In *State v. Blankenship* (Dec. 19, 1994), Butler App. Nos. CA93–12–238 and CA94–05–106, unreported, 1994 WL 704819, we stated:

"On January 20, 1984, Blankenship entered a plea of guilty to the charge [of aggravated robbery], and at the time, the prosecutor stated on the record that there was an outstanding warrant for Blankenship for a second charge of

aggravated robbery, and that as part of the consideration for his guilty plea, Blankenship would not be arrested for the second crime.

"Thereafter, the trial court advised Blankenship of the constitutional rights he was waiving by entering the plea and of the potential sentences and fine for aggravated robbery. Appellant acknowledged that he had discussed the matter with defense counsel and that he was satisfied with his representation. Blankenship also represented that he understood the consequences of the plea, and that he had no questions for the trial court about the guilty plea.

"During the proceedings, Blankenship observed the trial court as it engaged his co-defendant, Taylor, in another similar colloquy, after which Blankenship was again provided an opportunity by the trial court to offer any suggestions or objections.

"* * *

"[R]egardless of how far the complaint charging [appellant] with the second aggravated robbery of one Steven Haste on November 28, 1983 had proceeded, the record in this case leaves no doubt that such offense played a role in plea negotiations and that it was Blankenship's decision to plead guilty in order to avoid the consequences of the second charge. In fact, the record amply supports the following commentary of the common pleas court:

" 'Blankenship entered the guilty plea to the indictment herein for aggravated robbery knowingly, intelligently and voluntarily. This plea was not the result of coercion, trickery, or deception. * * * It was Blankenship's decision to plead guilty to the indictment to avoid possible jeopardy on the other charges of aggravated robbery.' "

As already stated, there is no evidence that appellant was incompetent at his 1984 guilty plea. A review of appellant's petition for postconviction relief does not warrant a reversal of this court's conclusion that appellant's 1984 guilty plea was knowingly, intelligently, and voluntarily made.

In light of all of the foregoing, we find that the trial court did not err in dismissing appellant's petition without an evidentiary hearing. Appellant's second assignment of error is overruled.

In his third assignment of error, appellant argues that the "trial court erred in relying on personal knowledge of facts not in the record to justify denial of post-conviction relief." Appellant's argument refers to a parenthetical observation made by the trial court in its May 13, 1996 entry denying appellant's petition. The trial court's observation, which states that appellant "acted as his own counsel" at an evidentiary hearing during postconviction proceedings in April 1994, is incorrect, as appellant had appointed counsel to represent him at that hearing. Appellant asserts that he did act as his own counsel in another criminal trial before the same trial court in May 1994.

R.C. 2953.21(C) provides in part:

"Before granting a hearing, the court shall * * * consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript."

Appellant argues that the trial court "improperly based [its] opinion on personal facts known to [it] outside the record," as appellant's May 1994 criminal trial, in which he acted as his own counsel, is not part of the record pertaining to the postconviction proceedings at issue here. Appellant relies on *State v. Denoon* (1966), 8 Ohio App.2d 70, 37 O.O.2d 80, 220 N.E.2d 730, for the proposition that the trial court's reliance on appellant's May 1994 criminal trial in denying appellant's petition constituted a denial of appellant's rights to confrontation, cross-examination, and an impartial tribunal. We disagree.

Contrary to appellant's assertion, the record shows that the trial court did not rely on or consider appellant's May 1994 criminal trial in denying appellant's postconviction relief. Rather, the trial court relied on appellant's evidentiary hearing during postconviction proceedings in April 1994. Contrary to what happened in *Denoon*, where the trial judge "relied not upon the evidence properly presented, but upon his personal recollection of what had occurred before him at the time of the arraignment" in denying Denoon's petition, even though the recollections had never been placed in evidence, *id.*, 8 Ohio App.2d at 71, 37 O.O.2d at 81, 220 N.E.2d at 731, the record clearly shows that in the case at bar, the trial court did not solely rely on the 1994 postconviction proceedings in denying appellant's petition.

In addition, as appellee aptly points out, "it remains beyond cavil that appellant ha[s] performed considerable legal work for himself, *pro se*, in the filing of the post-conviction petition at issue in the 1994 hearing, and the trial court could properly take appellant's litigious efforts on his own behalf into account in determining the complete lack of any indicia that appellant was ever incompetent to stand trial."

We accordingly find that while the trial court's parenthetical observation was factually incorrect, it does not warrant a reversal of the denial of appellant's petition, as it did not deny appellant's rights to confrontation, cross-examination, and an impartial tribunal. Appellant's third assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG and POWELL, JJ., concur.