OPINION
{¶ 1} This action originated on October 29, 1999, when Miller filed a complaint for the removal of Jeffrey Strausbaugh from his office as the Defiance County Prosecuting Attorney, pursuant to R.C. 309.05. Miller asserted that Strausbaugh committed numerous incidents of willful and wanton neglect of duty and/or gross misconduct in office. Part of the allegations related to Strausbaugh's actions during the 1993 criminal investigation and prosecution of Miller's husband, Donald K. Miller. As a result of the prosecution, Donald Miller was convicted of one count of rape and nine counts of sexual battery, the charges stemming from his position as minister of the Word of Life Pentecostal Church in Defiance, Ohio.
{¶ 2} On December 12, 2000, the trial court disposed of the case on summary judgment, finding that a genuine issue of material fact did not exist as to any of Miller's allegations in the complaint.
{¶ 3} Miller appealed the ruling to the Third District Court of Appeals, asserting that Civ.R. 56 was inapplicable to R.C. 309.05
proceedings and that the trial court erred by refusing to allow the disclosure of information obtained during grand jury proceedings against Donald Miller. The appellate court determined that there was no reason why Civ.R. 56 should not apply to the situation and that Miller had not demonstrated a particularized need for the disclosure of the grand jury evidence.
{¶ 4} On July 5, 2001, Rebekah J. Miller filed a second complaint for the removal of Strausbaugh from his office as the Defiance County Prosecuting Attorney, this time pursuant to R.C. 309.05 and 309.12. The complaint contained ninety-seven paragraphs supporting the allegations of wanton and willful neglect of duty or gross misconduct in office, costing the taxpayers an alleged $367,000 from theft in office.
{¶ 5} After many filings by Miller, Strausbaugh filed a motion for summary judgment on November 15, 2001. Strausbaugh asserted that (1) Miller's averments were barred by claim preclusion, (2) Miller's requested remedy was not the removal of Strausbaugh, but actually was a suit for the recovery of money, and (3) Miller did not meet her burden to show that Strausbaugh was guilty of wanton and willful neglect of duty or gross misconduct in office. Miller filed "objections" to the motion for summary judgment and a motion to strike Strausbaugh's motion. Additionally, Miller filed a motion for summary judgment on January 3, 2002.
{¶ 6} The trial court filed its judgment entry granting Strausbaugh's motion for summary judgment and denying Miller's motion for summary judgment on February 28, 2002. The trial court found that Strausbaugh's failure to seek recovery of the attorney's fees paid by the county resulting from the first complaint that Miller had filed against Strausbaugh had not been wanton or willful neglect of duty or gross misconduct, and thus was not an appropriate basis for the removal of Strausbaugh from office.
{¶ 7} Miller now appeals that decision, asserting five assignments of error. We will address Miller's first and third assignments of error simultaneously, as they are interrelated.
{¶ 8} Miller's first assignment of error:
{¶ 9} "The trial court committed reversible error in ordering `that both parties may file any motions for summary judgment' in an R.C. 309.05 complaint, an order which offends against the Ohio Constitution, Section 38, Article II."
{¶ 10} Miller's third assignment of error:
{¶ 11} "The trial court committed reversible error in issuing a blanket order that the rules of civil procedure are all inclusively applicable to a removal proceeding brought pursuant to R.C. 309.05."
{¶ 12} In both assignments of error, Miller asserts that Civ.R. 56 is not applicable to proceedings properly pled under R.C. 309.05. Miller has produced no case law which prohibits the use of Civ.R. 56 in a R.C.309.05 proceeding. Instead, Miller generally asserts that the legislature "clearly intended" all proceedings under R.C. 309.05 to be given an evidentiary hearing. Additionally, Miller contends that since an action to remove a county prosecutor did not exist at common law, a suit under R.C. 309.05 must therefore be a "special statutory proceeding," and thus Civ.R. 56 is inapplicable.
{¶ 13} When reviewing a trial court's grant of summary judgment, an appellate court conducts a de novo review. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." Brewer v. Cleveland City Schools Bd. of Edn. (1997), 122 Ohio App.3d 378, 383, 701 N.E.2d 1023, citing Dupler v. Mansfield Journal Co. (1980), 64 Ohio St.2d 116,119-120, 18 O.O.3d 354, 413 N.E.2d 1187. Thus, the trial court's decision is not granted any deference by the reviewing appellate court. Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711,622 N.E.2d 1153.
{¶ 14} Summary judgment can be appropriately granted where (1) "there is no genuine issue as to any material fact; (2) *** the moving party is entitled to judgment as a matter of law; and (3) *** reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64,66, 8 O.O.3d 73, 375 N.E.2d 46; see, also, Civ.R. 56(C). The movant has the burden to prove that no genuine issues of material fact exist by specifically pointing to evidence in the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc. which show that the non-movant has no evidence to support its claims. Harless, supra; Dresher v. Burt, 75 Ohio St.3d 280, 293, 662 N.E.2d 264; Civ.R. 56(C).
{¶ 15} The statute at issue, R.C. 309.05, states that "[o]n complaint, in writing, signed by one or more taxpayers, containing distinct charges and specifications of wanton and willful neglect of duty or gross misconduct in office by the prosecuting attorney, and filed in the court of common pleas, the court shall assign the complaint for hearing and shall cause reasonable notice of such hearing to be given to the prosecuting attorney of the time fixed by the court for the hearing. At the time so fixed, or to which the court adjourns the hearing, such court shall hear the evidence adduced by the complainants and the prosecuting attorney. If it appears that the prosecuting attorney has willfully and wantonly neglected to perform his duties, or has been guilty of gross misconduct in office, the court shall remove him from office and declare such office vacant. Otherwise the complaint shall be dismissed, and the court shall render judgment against the losing party for costs."Ohio law on the application of Civ.R. 56 to proceedings under R.C. 309.05 is limited. However, in the earlier appeal related to this case, the Third District Court of Appeals stated that they did "not believe that there exist[ed] a good and sufficient reason why Civil Rule 56 should not apply in actions to remove a county prosecutor." Miller v. Strausbaugh (May 4, 2001), Defiance App. No. 4-2000-28, 2001-Ohio-2203. The court found that the parties had had ample time to develop their arguments and that no genuine issue of material fact existed; thus, it would not be necessary to conduct a hearing on the matter. For this reason, the court found that the use of summary judgment would not alter the basic statutory purpose of R.C. 309.05.
{¶ 16} We agree and find no other reasons why Civ.R. 56 should not apply to this case. Based upon the previous decision in Miller v. Strausbaugh, supra, we overrule Miller's first and third assignments of error.
{¶ 17} Miller's second assignment of error:
{¶ 18} "The trial court committed reversible error in ordering `that the complainant's motion to disqualify counsel be, and hereby is denied,' an order which offends against R.C. 309.09 and 305.14."
{¶ 19} Miller's argument centers around the fact that, pursuant to R.C. 309.09, Strausbaugh, as the prosecuting attorney for Defiance County, was counsel of record in the underlying case and had a duty to act as defense counsel. Miller continues by stating that R.C. 309.09
"forbids the employment of any other counsel or attorney at the expense of the county, except as it is provided in section 305.14 of the Revised Code." Hence, according to Miller, because there was no entry from the trial court authorizing the retention of the law firm of Connelly, Jackson Collier, L.L.P., the county's payment of their fee for representing Strausbaugh was improper and/or illegal. Accordingly, Miller contends that her motion to disqualify the firm should not have been denied without a hearing.
{¶ 20} We find that the trial court correctly addressed this argument in its February 28, 2002 judgment entry, when it granted Strausbaugh's motion for summary judgment because Miller had failed to meet her burden of proof. The trial court stated, in pertinent part:
{¶ 21} "Plaintiff's complaint demonstrates that the funds paid to defendant's counsel in the prior action were not misapplied or illegally drawn.
{¶ 22} "R.C. 305.14 authorizes a board of county commissioners to employ legal counsel for the defense of a[n] action against a county officer. Here the Board of County Commissioners duly passed a resolution on October 10, 2000 employing the law firm to represent the defendant at a rate of $350.00 per hour." (Doc. No. 79, p. 4-5.)
{¶ 23} Additionally, we do not find merit in Miller's argument that Strausbaugh should have brought a suit to recover the allegedly misappropriated funds under R.C. 309.12, as it was discretionary for Strausbaugh to do so. Under R.C. 309.12, the county prosecuting attorney, if certain that county funds have been misapplied, "may *** apply to a court of competent jurisdiction, to restrain such contemplated misapplication of funds, or the completion of such illegal contract[.]" Should the prosecuting attorney decline to institute such proceedings, a taxpayer may initiate such suit pursuant to R.C. 309.13.We agree with the trial court's notation in its February 28, 2002 judgment entry, that Strausbaugh's failure to pursue recovery of the attorney fees in the former action was not wanton or willful neglect of duty or gross misconduct and should not be the basis for removal of Strausbaugh from his position as the County Prosecuting Attorney. Under R.C. 305.14(A), "[t]he court of common pleas, upon the application of the prosecuting attorney and the board of county commissioners, may authorize the board to employ legal counsel to assist the prosecuting attorney, the board, or any other county officer in any matter of public business coming before such board or officer, and in the prosecution or defense of any action or proceeding in which such board or officer is a party or has an interest, in its official capacity."
{¶ 24} In this case, the Board of Commissioners resolved on October 10, 2000 to employ the law firm in this instance to represent Strausbaugh in his official capacity. Due to the county commissioners' authorization of the funds to defend him in the suit, there is no evidence that Strausbaugh found the funds to be "misappropriated," and regardless, it was within his discretion to seek recovery of the funds.
{¶ 25} Additionally, we agree with Strausbaugh's assertion that Miller should have been barred from recovering damages because the litigation of Miller's second complaint was barred by the doctrine of claim preclusion.
{¶ 26} Claim preclusion has historically involved a legal inquiry whereby litigation of both an original and a second cause of action are permissible so long as "the causes of action are not the same, even though each action relates to the same subject matter." Norwood v. McDonald (1943), 142 Ohio St. 299, paragraph two of the syllabus, 27 O.O. 240,52 N.E.2d 67. The Ohio Supreme Court has held that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit[.]" Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 382, 1995-Ohio-331,653 N.E.2d 226, quoting Natl. Amusements, Inc. v. Springdale (1990),53 Ohio St.3d 60, 62, 558 N.E.2d 1178. Therefore, the doctrine of res judicata, which encompasses claim preclusion, "requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." Id., quoting Natl. Amusements, supra.
{¶ 27} Regarding the claim-preclusive effect of the doctrine of res judicata, the Ohio Supreme Court has stated that "[a] final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction * * * is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them." Norwood v. McDonald, supra, at paragraph one of the syllabus; see, also, Whitehead v. Gen. Tel. Co., (1969),20 Ohio St.2d 108 at paragraph one of the syllabus, 49 O.O.2d 435,254 N.E.2d 10. To determine whether a second action should be barred by this rule of law, one of the primary considerations is the identity of the evidence necessary to sustain both actions. See Norwood, supra, paragraph four of the syllabus.
{¶ 28} In this instance, Miller's allegations in the first and second complaints are very similar. The first complaint was dismissed when the trial court granted summary judgment to Strausbaugh, and the decision was affirmed by the appellate court. The doctrine of claim preclusion does bar the present action concerning her second complaint because this action also involves allegations that Strausbaugh committed gross misconduct by failing to advise the county commissioners to seek reimbursement for costs related to the operation of the county landfill. Thus, the facts necessary to obtain relief under the first and second complaints are the same, and Miller asserts the same legal theory of recovery in both actions. For these reasons, we find that Miller's claims are barred by claim preclusion.
{¶ 29} For the above-mentioned reasons, we overrule Miller's second assignment of error.
{¶ 30} Miller's fourth assignment of error:
{¶ 31} "The trial judge committed reversible error by failing to recuse himself with a known conflict of interest and issuing biased, prejudicial orders that are contrary to the administration of justice."
{¶ 32} Miller asserts that it was error for the Ohio Supreme Court to overrule her motion to disqualify Judge Richard McQuade in this matter and that it was error for Judge McQuade to have failed to recuse himself voluntarily.
{¶ 33} On October 16, 2001, Miller filed an affidavit of disqualification with the Ohio Supreme Court to disqualify Judge McQuade. The Supreme Court denied the affidavit, finding that Miller had "offer[ed] no indication of what evidence Judge McQuade would have to offer that would make him a material witness in the underlying matter." Thereafter, on October 26, 2001, Miller filed a motion for Judge McQuade to recuse himself, which Judge McQuade effectively denied.
{¶ 34} Firmly grounded in constitutional and statutory law, Ohio law dictates that the chief justice of the Supreme Court or his designee has exclusive jurisdiction to determine a claim that a common pleas court judge is prejudiced or biased. See, e.g., Section 5(C), Article IV of the Ohio Constitution; R.C. 2701.03. Pursuant to R.C. 2701.03(D)(1), when an affidavit of disqualification is filed in the Supreme Court, the trial judge is without authority to determine any matter in the case that would affect a party's substantial rights. A court of appeals can review jury trials to determine if a judge's behavior prejudiced or biased the jurors. State v. LaMar, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 35. However, an appellate court cannot reverse a common pleas court judge's refusal to recuse in a bench trial based on allegations of biased comments, because the appellate court is without jurisdiction to pass upon issues of disqualification or to void a judgment on the basis of a common pleas court's bias or prejudice. Bundschu v. Naffah (2002),147 Ohio App.3d 105, 2002-Ohio-607, 768 N.E.2d 1215, ¶ 51; Wolk v. Wolk (Sept. 25, 2001), Mahoning App. No. 98CA127, 2001-Ohio-3415; State v. Cope (July 17, 2001), Columbiana App. No. 2000CO38, 2001-Ohio-3325.
{¶ 35} Therefore, we are unable to rule on the propriety of the trial court's denial of Miller's motion for recusal, and we are unable to find that Judge McQuade should have been disqualified for bias or prejudice. See, also, Grogan v. T.W. Grogan Co., Inc. (2001),143 Ohio App.3d 548, 552, 758 N.E.2d 702; Berdyck v. Shinde (1998),128 Ohio App.3d 68, 81, 713 N.E.2d 1098; State v. Blankenship (1996),115 Ohio App.3d 512, 516, 685 N.E.2d 831; Jones v. Billingham (1995),105 Ohio App.3d 8, 11, 663 N.E.2d 657; State v. Dougherty (1994),99 Ohio App.3d 265, 269, 650 N.E.2d 495; State v. Ramos (1993),88 Ohio App.3d 394, 398, 623 N.E.2d 1336.
{¶ 36} We find Miller's fourth assignment to be without merit.
{¶ 37} Miller's fifth assignment of error:
{¶ 38} "The trial court committed reversible error by granting summary judgment in favor of the defendant."
{¶ 39} Miller defends her assertions that summary judgment was inappropriate in this instance because there was "no dispute" that Strausbaugh committed "theft in office" by "having the taxpayers pay a bill that he himself was liable to pay." The basis for Miller's contentions are that her due process rights were violated as a result of Strausbaugh's failure to seek recovery of taxpayer monies and for Strausbaugh's hiring of the law firm to defend him in an action that did not deal with him in his official capacity. According to Miller, there are "numerous undisputed genuine issues of material fact that substantiate" Strausbaugh's theft in office, and thus summary judgment was inappropriate. Finally, Miller asserts that her constitutional rights were violated when the trial court allowed the application of the rules of civil procedure in the instant case. Miller claims that, by allowing the filing of a motion for summary judgment but denying her a hearing on the motion, the trial court violated her equal protection and due process rights.
{¶ 40} We disagree. For the same reasons as stated in our discussion of the first and third assignments of error, we do not find that the trial court erred in allowing Civ.R. 56 to apply in this case. Miller did not produce any facts demonstrating that there had been a genuine issue of material fact that Strausbaugh had acted willfully and wantonly regarding Miller's allegations.
{¶ 41} We also disagree with Miller's allegations that her constitutional rights were violated because she was denied a hearing on Strausbaugh's summary judgment motion. It has been held that an oral hearing is not mandatory for every summary judgment motion, regardless of whether a party has moved for a hearing. Ashworth v. Village of Enon (Oct. 18, 1995), Clark App. No. 95 CA 43, citing Sec. Natl. Bank 
Trust Co. v. Baker (Oct. 17, 1985), Clark App. No. 2073. The trial court must, however, provide the parties with an actual or constructive hearing date on or after which the motion will be deemed submitted for decision. Id. Without such a date, the nonmoving party has no idea of when the submission of affidavits in opposition to the motion is required.
{¶ 42} In this case, the trial court filed a decision and entry on December 27, 2001, which stated, in pertinent part, that "both parties may file any motions for summary judgment in this case on or before January 5, 2002; that responses shall be filed on or before February 1, 2002; and that all replies shall be filed on or before February 15, 2002[.]" (Doc. No. 61, Case No. 35213.) We find that the trial court did provide the parties with constructive notice of a date upon which the motion for summary judgment was submitted for decision. Thus, Miller's assertions that she was not granted a hearing on her motion for summary judgment are meritless, as she was provided with a time in which to respond to Strausbaugh's motion for summary judgment. Accordingly, she was provided a "hearing" and her constitutional rights were not violated.
{¶ 43} Based upon the reasons as stated above, we overrule Miller's fifth assignment of error.
{¶ 44} The judgment of the trial court is affirmed.