IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned March 6, 2015

**IN RE: ADISON P.**

**Appeal from the Juvenile Court for Henderson County**
**No. 6203     Steve Beal, Judge**

---

**No. W2015-00393-COA-T10B-CV – Filed April 21, 2015**

---

BRANDON O. GIBSON, J., dissenting.

I must respectfully dissent from the majority opinion for two reasons.

First, I maintain that Father's failure to include, in his petition for recusal appeal, his affidavit in support of his motion to recuse is fatal. While Father's Second Motion for Recusal of Trial Judge, filed in the trial court on December 4, 2014, indicated that Father's affidavit in support of the motion is attached, it was not provided to this Court on appeal. Tennessee Supreme Court Rule 10B Section 2.03 specifically provides that a petition for recusal appeal "shall be accompanied by copies of any order or opinion and any other parts of the record necessary for determination of the appeal." Section 1.01 of Rule 10B provides that a motion to recuse "shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge…." Section 1.01 also provides that the motion to recuse "shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Father's motion to recuse does not "affirmatively state that it is not being presented for any improper purpose," and his petition before this Court does not contain the affidavit required by Section 1.01.

The majority opinion relies on *Watson v. City of Jackson*, 448 S.W.3d 919 (Tenn. Ct. App. 2014), in excusing these defects. However, Watson involved a *pro se* litigant who filed a post-trial recusal motion seeking to have the trial judge recused "from presiding over the preparation of the record for her appeal of the substantive issues in the case." *Id*. at 921. The trial judge denied the motion and entered a written order with specific findings of fact. *Id*. Watson then filed a petition for accelerated interlocutory appeal with this Court, but she was also pursuing an appeal of substantive issues as well. *See Watson v. City of Jackson*, No. W2013-01364-COA-R3-CV, 2014 WL 4202466 (Tenn. Ct. App. Aug. 26, 2014). When this Court considered the Rule 10B accelerated interlocutory appeal, we noted that Watson failed to affirmatively state that her motion to recuse was not being presented for any improper purpose and that she further failed to provide this Court with copies of the dispositive orders in the trial court, namely the trial court's order denying her motion to recuse. This Court proceeded with a

substantive review of the Rule 10B appeal despite these deficiencies. The case presently before the Court does not involve a *pro se* petitioner and does not involve a motion for recusal filed after the conclusion of all substantive issues in the case. *Watson* is factually and procedurally distinguishable from this case, and I do not believe this Court can effectively review the trial court's actions without Father's sworn affidavit testimony, as required by Section 1.01.

The Eastern Section of the Court of Appeals recently encountered a similar situation in *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606 (Tenn. Ct. App. Feb. 20, 2015). In *Johnston*, the record submitted by the recusal appeal petitioner did not include an affidavit filed in support of the motion to recuse. The Eastern Section held that "[w]ithout this necessary part of the record, we cannot conclude that the Trial Court erred in denying the Motion to Recuse." *Id*. at *2. The Eastern Section went on to say:

> We emphasize to Defendant that the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court so as to allow this Court to meet its obligations under section 2.06 of the rule, which requires this Court to decide these appeals "on an expedited basis." As such, it is imperative that litigants file their petitions for recusal appeal in compliance with the mandatory requirements of Rule 10B in the first instance.

*Id*.; *see also Tipton v. Constance*, No. E2014-00143-COA-T10B-CV, 2014 WL 605434 (Tenn. Ct. App. Feb. 14, 2014), *perm. app. denied* (Tenn. May 9, 2014). I agree with the conclusion reached by the Eastern Section and therefore would affirm the decision of the trial court based on the procedural deficiencies in Father's Rule 10B accelerated interlocutory appeal.

Second, I disagree that Father has established facts sufficient to warrant the recusal of the trial judge. My disagreement with the majority result on this point is interwoven with my position on the procedural deficiencies discussed above. To be sure, the trial court has not assisted this Court in its analysis. Section 1.03 of Rule 10B specifically states that if a motion to recuse is denied, "the judge shall state in writing the grounds upon which he or she denies the motion." Tenn. Sup. Ct. R. 10B § 1.03. The trial court's order on Father's first motion to recuse merely said "[u]pon careful consideration of [Father's] Motion to Recuse … and a hearing on same, said Motion to Recuse is denied." The trial court did not comply with Section 1.03. In its order denying Father's second motion to recuse, the trial court simply stated:

> [Father] presented at [the] hearing no new proof or evidence indicating any bias or prejudice on the part of the Trial Court. [Father] then filed an Appeal to the Court of Appeals. This appeal was summarily dismissed by the Court of Appeals and that dismissal is now final.

> The claimant now appears before the Court complaining of matters which were heard and disposed of in the prior Order. The Order dated September 22, 2014 is now final. There is no merit in claimants 2[nd] Motion. Res Judicata is applicable to the 2[nd] Motion and said Motion is denied.

I agree with the majority that Father's second motion for recusal asserted new grounds for the recusal, although it also incorporated Father's first motion for recusal and relied on the grounds asserted in that first motion to recuse. Given the new grounds asserted in the second motion to recuse, the trial court should have made a fresh effort to comply with Section 1.03. Again, the requirements of Rule 10B are mandatory for the litigants, and they are also mandatory for the trial court.

Nonetheless, the majority concludes that the trial court's entry of a written order that differed from the trial judge's oral colloquy, with no explanation from the trial judge, necessarily demonstrates the appearance of bias and requires recusal. Father provided this Court with the transcript of the September 3, 2014 hearing, during which the trial judge "instructed" the parties to have a weekend visitation, as described in the majority opinion, "within the next 30 days." After Father's counsel asked about recurring visitation between September 3 and a hearing date on Father's "petition for entry of the show cause order," the trial court stated:

> I [the court] would set that up once a month. I know he wouldn't want to go anymore than that, but I would be inclined – and then what I would do is just have you to pick a date and advise – and I would just let – put in an order, put in a little separate order and new order of the date that he could go down there and do that. We could just do it one order at a time until it's heard, if that's necessary. And I think that would give Mr. Fain the visitation that's reasonable under those circumstances because y'all know Texas is a long way and it's a hardship on everybody involved when they travel back and forth like that, and particular with him, with [Father]. I suspect he wouldn't want to go more than that.

The majority correctly notes that Father's counsel prepared a draft order responsive to the trial court's oral instructions, that the draft order memorialized the trial judge's rulings concerning temporary visitation with the minor child (providing for telephone calls with the child on Friday evenings and visitation with the minor child only on September 20 through September 21, 2014), and that the trial judge did not sign the draft order. However, the copy of Father's counsel's draft order contained in his petition for recusal appeal does not include a certificate of service indicating the date Father's counsel submitted the proposed order to the trial court. The trial court entered an order on September 22, 2014, denying Father's motion to recuse, noting that Mother had been properly served, relieving Mother's counsel of further representation, and addressing a child support issue. While Father takes issue with the trial court's failure to include temporary visitation in the September 22 order, Father was admittedly able to exercise some visitation with the child after the September 3 hearing, which is apparently consistent with the trial court's oral instructions.

The crux of the majority's holding is that the trial judge is required to recuse himself because (1) a writ of mandamus required the trial judge to set Father's petition for contempt for hearing; (2) Father filed a complaint with the Tennessee Board of Judicial Conduct,[1] and; (3) the

---

[1]Attached as an exhibit to Father's petition for accelerated interlocutory appeal to this Court is a

trial judge entered an order that was not as expansive as his oral instructions to the party at the September 3, 2014 hearing. However, Father simply has not submitted "any evidence that the trial judge's actions in this case were the result of bias, prejudice, impropriety, or harassment." *Watson*, 448 S.W.3d at 933.

> The party seeking recusal bears the burden of proof, and "any alleged bias must arise from extrajudicial sources and not from events or observations during litigation of a case." … "If the bias is alleged to stem from events occur[r]ing in the course of the litigation of the case, the party seeking recusal has a greater burden to show bias that would require recusal, i.e., that the bias is so pervasive that it is sufficient to deny the litigant a fair trial."

*Runyon v. Runyon*, No. W2013-02651-COA-T10B-CV, 2014 WL 1285729, at *6 (Tenn. Ct. App. Mar. 31, 2014) (*no perm. app. filed*) (quoting *McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *1 (Tenn. Ct. App. Feb. 11, 2014) (*no perm. app. filed*)). "Adverse rulings by a trial judge … are not usually sufficient to establish bias." *Ingram v. Sohr*, M2012-00782-COA-R3-CV, 2013 WL 3968155 at *31 (Tenn. Ct. App. July 31, 2013) (citing *State v. Cannon*, 254 S.W.3d 287, 308 (Tenn. 2008)). As the Eastern Section noted in Johnston, "[r]ulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." *Johnston* at *2 (citing *Alley* at 821); *see also State v. Reid*, 313 S.W.3d 792, 816 (Tenn. 2006).

The record before us reveals that the trial judge entered an order that did not address every matter he addressed in his oral instructions to the parties at the September 3 hearing. I recognize that the item the trial judge did not address in his written order is the issue most important to Father – visitation with his daughter. However, trial courts speak through written orders, not through oral statements contained in transcripts. *Alexander v. JB Partners*, 380 S.W.3d 772, 777 (Tenn. Ct. App. 2011).

The three things on which the majority rely – the existence of a mandamus action, a judicial complaint setting forth the same arguments as the mandamus action, and the entry of an order with which Father disagreed – do not provide us with enough evidence to find bias,

---

"Complaint Against Judge Under Code of Judicial Conduct," dated June 13, 2014. The complaint does not indicate when or whether it was received by the Board of Judicial Conduct. Father's judicial complaint essentially relies on and incorporates his complaint for mandamus relief.

Father filed his first Motion for Recusal on September 2, 2014, and did not assert that the judicial complaint was a basis for recusal. Father also did not assert that the judicial complaint was a basis for recusal in his second Motion for Recusal (although it was briefly discussed at the hearing on the second motion). Notably, Father did not assert that the judicial complaint was a basis for recusal in his petition to this Court.

A disciplinary complaint filed against a judge does not necessarily require recusal of the judge. *See Moncier v. Bd. of Prof'l Responsibility*, 406 S.W.3d 139, 162 (Tenn. 2013) (noting that judicial disqualification standards do not require recusal merely because a litigant files a separate lawsuit against the judge); *see also State v. Blankenship*, 115 Ohio App.3d 512, 685 N.E.2d 831, 833 (1996) (holding a judge need not recuse himself simply because a party filed a disciplinary complaint against him).

prejudice, impropriety, or harassment. All arise from events during litigation of the case and therefore require additional evidence to establish a basis for recusal. The transcripts provided in Father's petition for accelerated appeal demonstrate that Father disagrees with the trial court on at least three things: (1) whether Mother had to be served with service of process before Father could present a motion for contempt; (2) whether mandamus was necessary; and (3) whether the court was required to include oral instructions in a written order. All of these are disagreements over legal issues. Even if the trial judge is wrong on each point (and I express no opinion whatsoever in that regard), recusal is not required.

Based on the evidence and information before us, I do not believe that "'a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *City of Memphis*, No. W2014-02197-COA-T10B-CV, 2015 WL 127895, at *7 (Tenn. Ct. App. Jan. 8, 2015) (*no perm. app. filed*) (citation omitted). Rather, I believe that a person of ordinary prudence in the judge's position would find that Father disagrees with a number of the trial judge's legal positions. For those, he has a remedy through direct appeal, but they do not require recusal.

For the foregoing reasons, and either of them separately, I would affirm the decision of the trial court.

_____
BRANDON O. GIBSON, JUDGE

5