IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 10, 2021

## PAMELA SALAS v. JOHN DAVID ROSDEUTSCHER, M.D., ET AL.

**Appeal from the Circuit Court for Davidson County
No. 18C1229   Kelvin D. Jones, Judge**

_____

### No. M2021-00157-COA-T10B-CV
_____

A Tennessee Supreme Court Rule 10B petition for recusal appeal was filed in this Court following the denial of a motion that sought the disqualification of the trial court judge. For the reasons stated herein, we affirm the trial court's denial of the motion.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which ANDY D. BENNETT and JOHN W. MCCLARTY, JJ., joined.

Brian P. Manookian, Nashville, Tennessee, Pro se.

Matthew Cline and Dixie Cooper, Brentwood, Tennessee, for the appellees, John Rosdeutscher and Cumberland Plastic Surgery P. C.

Afsoon Hagh, Nashville, Tennessee, for the appellee, Pamela Salas.

## OPINION

### Background and Procedural History

This is an accelerated interlocutory appeal filed pursuant to Tennessee Supreme Court Rule 10B. The appeal arises out of a medical malpractice case in the Davidson County Circuit Court, but according to the materials before us, the underlying substantive matter has already been dismissed. Still pending in the case, however, is a motion for sanctions against the Plaintiff's former counsel,[1] Brian Manookian ("Mr. Manookian"), the

---

[1] In its withdrawal order relieving Mr. Manookian as counsel of record for the Plaintiff, the trial

Appellant herein. Judge Kelvin Jones ("Judges Jones") presides over the case, which is a point of contention for Mr. Manookian.

When the trial court dismissed the underlying medical malpractice case due to a voluntary non-suit by the Plaintiff, it specifically noted that, despite the dismissal, it would "retain jurisdiction over the issue of sanction[s]." In another order that stemmed from a prior show cause hearing pertaining to why the Plaintiff had failed to produce correspondence relevant to the motion for sanctions, the trial court noted that it was "retaining jurisdiction over this case until the issues surrounding the Defendants' First Motion for Sanctions are resolved." The actual issues involved in the sanctions matter against Mr. Manookian revolve around certain alleged misrepresentations made to the trial court by him during his representation of the Plaintiff in the underlying medical malpractice case. These alleged misrepresentations involve whether or not a certain medical expert, Dr. Kent Higdon, had been retained by Mr. Manookian as an expert witness for the Plaintiff. According to the Defendants, Mr. Manookian had falsely represented to the trial court that he had not retained Dr. Higdon as an expert in the case and that he did not know Dr. Higdon's expert opinions. Solely as a result of these alleged misrepresentations and the Defendants' motion for sanctions concerning them, the case remained pending. In an effort to determine the veracity of Mr. Manookian's statements to the trial court concerning Dr. Higdon, the trial judge entered an order granting the Defendants specific permission to depose Dr. Higdon. Although the trial court noted that the Defendants were "permitted to inquire into the full scope of Dr. Higdon's interactions with Plaintiff's counsel," it stated that it was particularly interested in "(1) whether Plaintiff's counsel retained Dr. Higdon as an expert, (2) whether Dr. Higdon reviewed records at the request of Plaintiff's counsel, [and] (3) whether Dr. Higdon informed Plaintiff's counsel of his opinions related to the care of the Defendants, *etc*."

On December 17, 2020, before the aforementioned deposition could take place and before any hearing on the motion for sanctions against him ever occurred, Mr. Manookian filed a complaint with the Board of Judicial Conduct ("the Board") accusing Judge Jones of various alleged misdeeds which were wholly unrelated to Mr. Manookian personally, to any personal dealings he had with the Judge, or to the matter pending before the trial court. He then subsequently filed a "Motion to Disqualify" in the trial court seeking Judge Jones' recusal from this case. In an order entered on January 14, 2021, the trial court denied Mr. Manookian's motion to disqualify. In the order, Judge Jones held, among other things, that "Mr. Manookian is neither a party nor an attorney for a party in the above referenced litigation," that he had no doubt as to his ability to preside impartially in this case, and that there was "no reasonable appearance of bias to question the Court's impartiality."

The present appeal followed when Mr. Manookian filed a petition for recusal appeal

court took judicial notice that Mr. Manookian had been suspended from the practice of law by the Tennessee Supreme Court in October 2019.

- 2 -

in this Court on February 4, 2021 pursuant to Tennessee Supreme Court Rule 10B. *See* Tenn. Sup. Ct. R. 10B, § 2.01 ("If the trial court judge enters an order denying a motion for the judge's disqualification or recusal . . . the trial court's ruling . . . can be appealed in an accelerated interlocutory appeal as of right."). Subsequent to filing his petition, Mr. Manookian filed a motion with this Court requesting that the trial court proceedings, including Dr. Higdon's deposition, be stayed. A response in general opposition to the motion to stay was later filed by the Defendants in the case, wherein they stated, among other things, that the trial court had previously indicated its intent to grant sanctions. According to the Defendants, the subsequent judicial complaint against Judge Jones was a "strategic maneuver to manufacture a conflict of interest," and the Defendants submitted that Mr. Manookian's "efforts to postpone Dr. Higdon's deposition and escape sanctions should not be rewarded." On February 18, 2021, we entered an order granting the motion in part and denying it in part. Specifically, although we denied the motion to stay as it pertained to Dr. Higdon's pending deposition, we granted a stay with respect to the motion for sanctions, holding that any hearing on the sanctions motion should be stayed pending resolution of this appeal. Having now fully reviewed Mr. Manookian's petition for recusal appeal, along with its supporting materials and the other materials submitted in this matter, we are of the opinion that an answer, additional briefing, and oral argument are unnecessary to our disposition. As such, we act summarily to consider the appeal. *See* Tenn. Sup. Ct. R. 10B, § 2.05 ("If the appellate court, based upon its review of the petition for recusal appeal and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal."); *see also* Tenn. Sup. Ct. R. 10B, § 2.06 (providing that the accelerated interlocutory appeal shall be decided on an expedited basis and, in the court's discretion, without oral argument).

## Issue on Appeal and Standard of Review

In this appeal, we are tasked with deciding whether the trial court erred in denying Mr. Manookian's motion to disqualify the trial court judge. A trial court's ruling on a motion for disqualification or recusal is reviewed under a de novo standard of review. Tenn. Sup. Ct. R. 10B, § 2.01.

## Discussion

"The right to a fair trial before an impartial tribunal is a fundamental constitutional right." *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002)). Preserving public confidence in judicial neutrality, however, requires more than ensuring that a judge is impartial in fact. *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998). It is also important that a judge be perceived to be impartial. *Id.* In keeping with this principle, Tennessee Supreme Court Rule 10, Code of Judicial Conduct Rule 2.11 provides that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be

questioned[.]" Even when a judge sincerely believes that he or she can preside over a matter in a fair and impartial manner, recusal is nonetheless required where a reasonable person "in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564-65 (Tenn. 2001) (quoting *Alley v. State*, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994)).

As a preliminary consideration, we address Mr. Manookian's articulated concern related to the trial court's finding that he "is neither a party nor an attorney for a party" in the case. Mr. Manookian asserts that he is a party to a sanctions motion, which is the only pending issue in the case. As to this point, we agree with Mr. Manookian that he is the subject of a pending motion for sanctions. Although it is not entirely clear that the trial court considered Mr. Manookian to lack standing to assert a recusal motion based on its "neither a party nor an attorney" finding, we would agree that such a conclusion as to standing would have been improper based upon the pendency of the sanctions motion. It is true that Mr. Manookian was not a party to the underlying medical malpractice case, and it is further true that he no longer represents the Plaintiff as counsel in the case. Indeed, concerning this latter point, when the trial court later officially relieved Mr. Manookian as counsel of record, it noted that the Tennessee Supreme Court had suspended Mr. Manookian from the practice of law in October 2019. Yet, as Mr. Manookian is the subject of the pending motion for sanctions, we agree with him that he has standing to raise the issue of recusal.[2]

Another concern raised by Mr. Manookian on appeal appears to relate to a finding by the trial court that he allegedly "d[id] not state in his Motion [to Disqualify] when he learned of or reasonably should have learned of the facts establishing the basis for recusal." Mr. Manookian interprets the trial court's order as containing a holding that his motion seeking Judge Jones' recusal was untimely. To the extent that the trial court was through its language criticizing the timeliness of the motion to recuse,[3] we respectfully disagree with its assessment. Here, the motion to recuse was predicated upon the fact that Mr. Manookian had filed a complaint against Judge Jones with the Board. Insofar as the materials supporting Mr. Manookian's motion to recuse admit, he filed his motion to disqualify Judges Jones *the day after* he received confirmation from the Board concerning his submission. Again, it is not specifically clear that the trial court deemed Mr. Manookian's disqualification request untimely, but to the extent that it may have, we are of the opinion that his motion was in fact timely.

---

[2] Again, it is not entirely clear that the trial court actually considered Mr. Manookian to lack standing. Regardless, it certainly did not rest its decision on that basis, as the propriety of the recusal request was considered on the merits. Moreover, as noted above, the "neither a party nor an attorney" finding is not itself inaccurate as it relates to the underlying medical malpractice case.

[3] Similar to the absence of specific language holding that Mr. Manookian lacked standing, the trial court's order did not specifically hold that the motion was untimely.

Having addressed the above concerns, we now turn to the substantive merits of the recusal motion, something that Judge Jones did specifically deal with in his order. As noted earlier, Judge Jones held that he had no doubt as to his ability to preside impartially in this case and further concluded that there was "no reasonable appearance of bias to question the Court's impartiality." For the reasons that follow, we find no error in Judge Jones' decision to deny the request for his recusal.

Mr. Manookian solely predicates his request for recusal on the fact that he previously filed a complaint against Judge Jones with the Board. This filing, submitted at a time when Judge Jones was permitting discovery into matters related to a pending sanctions motion leveled against Mr. Manookian, raised issues of alleged misdeeds by Judge Jones which were completely divorced of any relation to Mr. Manookian himself or the matter pending before the trial court. As our Supreme Court has explained, the judicial disqualification standards do not require recusal simply because the person seeking recusal has filed some type of complaint against the judge. *See Moncier v. Bd. of Prof'l Responsibility*, 406 S.W.3d 139, 162 (Tenn. 2013) (collecting cases). For example, in one of the cases cited favorably by our Supreme Court in *Moncier*, the Court of Appeals of Ohio held that a disciplinary complaint filed against a judge will not by itself warrant the judge's recusal. *State v. Blankenship*, 115 Ohio App.3d 512, 685 N.E.2d 831, 833 (1996). The concern with strictly requiring recusal in such circumstances, of course, is that it could foster abuse of the judicial system by encouraging people to judge-shop and manufacture recusals. As a general matter, absent some additional showing of bias or prejudice resulting from the complaint against the judge, the complaint standing alone will not ordinarily require recusal. *Farm Credit Bank of St. Paul v. Brakke*, 512 N.W.2d 718, 722 (N.D. 1994).

As discussed herein, Mr. Manookian's request for Judge Jones' recusal is singularly predicated upon his filing of a complaint against Judge Jones with the Board. Moreover, there is no evidence before us that Judge Jones possesses any actual bias or prejudice against Mr. Manookian. Considering these limited facts and our discussion herein, we do not find there to be a reasonable basis for questioning Judge Jones' impartiality.

**Conclusion**

The trial court's denial of Mr. Manookian's "Motion to Disqualify" is hereby affirmed.

    s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE
