THE STATE OF OHIO, APPELLEE, *v.* MATTOX, APPELLANT.
(Two cases.)

[Cite as State v. Mattox, 8 Ohio App. 2d. 65.]

(Nos. 8396 and 8397—Decided October 11, 1966.)

*Mr. C. Howard Johnson,* prosecuting attorney, and *Mr. K. Michael Foley,* for appellee.

*Mr. Pearl R. Mattox, in propria persona.*

DUFFEY, J.   This is an appeal filed pursuant to Section 2953.23, Revised Code.   Appellant, an inmate of the Ohio Penitentiary, applied to the Common Pleas Court for postconviction relief under Section 2953.21, Revised Code.

The petition alleges that: (1) Appellant was convicted of two crimes although legally there was only one offense; (2) he had no legal counsel at the time of trial, and was forced to trial without the aid of counsel; (3) he was not furnished a bill of particulars before his criminal trial; and (4) statutes of Ohio were ignored, particularly that no specific sentence was imposed. An evidentiary hearing was held in which appellant presented his case without counsel. The case is before this court on the transcript and a bill of exceptions.

The first and fourth claims of appellant are without merit. The third is not a ground for postconviction relief. This appeal is, therefore, confined to the alleged denial of the right to counsel at appellant's criminal trial.

Appellant testified that he had fired his counsel before his criminal trial, and that the attorney thereupon withdrew from the case. He further testified that he was not represented at his trial, but was forced to proceed without an attorney.

He was asked eight questions on cross-examination. In essence, these questions asked if any witnesses at the criminal trial were questioned by him or by anyone for him. He testified that he did not and that nobody else did.

Faced with this testimony, the prosecutor called no witnesses for the state. While not attached to the bill of exceptions, the clerk of the Common Pleas Court included in the transcripts filed in this court a number of documents which apparently are from the case files of cases No. 36487 and No. 36634 on the criminal docket of Franklin County Common Pleas Court. See Section 2953.21, Revised Code. From an examination of the documents it appears that one Ralph Merchant was appointed counsel in both criminal cases pending against appellant. Mr. Merchant's name appears also on several preliminary matters. However, all these are pretrial, and therefore do not refute appellant's testimony that he fired his attorney, that the attorney withdrew, and that he was required to proceed to trial without an attorney.

The bill of exceptions contains a statement of the prosecutor that he "would like to read into the record the following * * *." He then apparently read from a document which, from its content, appears to be a stipulation which was filed in the United States District Court in an action by Mattox, the date of which

is not shown. The stipulation purportedly was between an attorney for Mattox and the Ohio Attorney General, and agreed that if one Albert G. Giles were to testify in that case, he would testify substantially as stated therein. A recital of facts is given relating to appellant's criminal trial, and, in particular, reciting that appellant was represented at his trial by Ralph Merchant, who tried the case by cross-examining witnesses, calling defense witnesses, etc.

The document from which counsel was reading was neither offered nor received in evidence. There is no indication of any stipulation or agreement by appellant that the statement as read by counsel could be received in evidence.

Appellant may have stipulated as to Mr. Giles' testimony in another case under the circumstances then prevailing. We cannot assume that in this case he knowingly and intelligently waived his right to confront and cross-examine Mr. Giles. Accordingly, we cannot give credence to the content of the prosecutor's statement in its present form. It must first be placed in evidence. It is, therefore, our conclusion that the judgment of dismissal was not supportable on the evidence properly presented and before the court. In view of the necessity for a rehearing, another aspect should be mentioned.

The hearing judge in this case was also the trial judge in appellant's criminal cases. The record shows that the judge recounted facts bearing on the issues, which facts were not presented in evidence. In passing upon the truthfulness of appellant's testimony, the court relied not upon the state's evidence alone, but upon personal recollections of what had occurred before him at the criminal trial. With characteristic forthrightness, the court's journal entry recites that the findings of fact were based in part upon "this court's own personal recollection of the events leading up to and surrounding petitioner's trial." When a trier of facts relies upon personal knowledge, he necessarily deprives the litigant of the right of confrontation, cross-examination and an impartial tribunal.

The judgments of the Common Pleas Court will be reversed and the causes remanded for further proceedings.

*Judgments reversed.*

DUFFY, J., concurs.

BRYANT, P. J., dissenting. I concur with the majority of this court that of the four claims asserted by Mattox, as listed in the majority opinion, the first, third and fourth are without merit. In the journal entry of the court below, another claim, ignoring the law, is mentioned. It is too vague for consideration.

In my opinion, the remaining claim, the second, also is without merit. It is in substance that Mattox was without counsel. In case No. 8396, a journal entry appears filed August 16, 1957, appointing Ralph Merchant as counsel for Mattox. On August 28, 1957, defense counsel filed a motion for a bill of particulars, and on September 13, 1957, defense counsel filed notice of intention to offer proof of an alibi. On September 17, 1957, a judge of the court below signed an order, approved by defense counsel, for the release of money belonging to Mattox.

In case No. 8397, there is an entry filed October 18, 1957, stating that, at the request of Mattox, an attorney was appointed by the court. When the record as a whole is taken into account, I would affirm the judgment of the court below.