[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Appellant Thomas J. Diviak appeals from a judgment of the Clark County Common Pleas Court denying his two petitions for post-conviction relief without conducting an evidentiary hearing and overruling his motion to withdraw his guilty plea.
Diviak presents eight assignments of error concerning the trial court's denial of his post-conviction relief petitions. He also presents one assignment of error stemming from the trial court's denial of his motion to withdraw his guilty plea.
The record reflects that Diviak entered guilty pleas to rape and gross sexual imposition in case number 92-CR-704 on July 6, 1993. The record also reflects that Diviak entered guilty pleas to two counts of corrupting a minor with cause-harm specifications in case number 93-CR-111 on the same day. In exchange for Diviak's pleas, numerous other charges were dismissed. Diviak's combined sentences totaled thirteen to thirty-five years' imprisonment.
Diviak subsequently filed a petition for post-conviction relief on July 26, 1996, advancing ineffective assistance of counsel and statute of limitations arguments. Thereafter, he filed a second petition for post-conviction relief on September 23, 1996, seeking to have his sentence reduced pursuant to Senate Bill 2 and R.C. 1.58(B). Diviak also filed a motion to withdraw his guilty pleas. The trial court journalized a one-sentence entry overruling Diviak's motion to withdraw his guilty pleas on September 17, 1997. The court also filed a journal entry on September 21, 1997, overruling Diviak's two post-conviction petitions without conducting an evidentiary hearing.
Diviak filed a timely notice of appeal challenging the trial court's rulings. In his brief to this court, Diviak argues, among other things, that the trial court improperly dismissed his first post-conviction relief petition without an evidentiary hearing. Specifically, Diviak stresses that he supported his ineffective assistance of counsel claims with his own affidavit as well as affidavits from family members. In this court's view, the most significant allegation raised by some of the affidavits is that Diviak's counsel arrived for trial unprepared and forced him to accept a plea bargain. In particular, the affidavits allege that defense counsel arrived at court on the morning of trial, admitted not being prepared, and told Diviak he had no choice other than to accept a plea bargain approved by the trial court. Defense counsel also allegedly told Diviak that his only option was to plead guilty and appeal later.
Finding these and other claims unpersuasive, the trial court noted that "[u]pon review of the record, the Court finds that the Defendant was questioned at the time that he entered his pleas of guilty as to whether or not any promises, other than those which were put on the record at the time of the plea, had been made to get him to enter the plea. Likewise, the Defendant was asked if any threats were made to him to get him to enter the plea. The Defendant stated that no other promises and no threats were made to get him to enter his pleas of guilty."
Similarly, in its brief to this court, the state alleges:
 "* * * Petitioner claims a hearing was required because his petition was buttressed by affidavits supporting his allegation that his plea was the result of coercion practiced upon him by his counsel and others. However, the trial court reviewed the record of petitioner's plea taking and found that petitioner affirmatively represented to the court, at that time, that his plea was not the result of promises, threats, or coercion. See Entry, September 17, 1997. Where a court finds that a petitioner's supporting evidentiary material is directly contradicted and refuted by the record in the case, it may dismiss the petition without a hearing. State v. Kapper (1983), 5 Ohio St.3d 36."
Significantly, however, we find nothing in the record
supporting either the trial court's or the state's assertions. In its judgment entry dismissing the two petitions, the trial court stated that the record reflect's Diviak's denial of being threatened or being made any promises when he entered his guilty pleas. This court, however, has been unable to locate in the record a transcript of Diviak's Crim.R. 11 plea hearing or even a plea form signed by Diviak. Absolutely nothing in the record before this court supports the conclusion that Diviak's allegations are refuted by statements he made when entering his pleas.
Furthermore, contrary to the trial court's ruling, Diviak's argument that his attorney was unprepared for trial and forced him to accept a plea bargain does not allege any promise or threat
from anyone. To the contrary, it alleges ineffective assistance of counsel stemming from his attorney wrongly telling him that his only option was to plead guilty and appeal later. Depending upon the dialogue between the trial court and Diviak, a transcript of the Crim.R. 11 plea hearing may or may not refute Diviak's allegation.[1]
Although Diviak does not raise the issue, a trial court's failure to review a plea hearing transcript before dismissing a post-conviction relief petition without a hearing has been found to constitute plain error. In State v. Locke (May 24, 1996), Lucas App. No. L-95-305, unreported, the Lucas County Court of Appeals noted that a trial court is obligated by R.C. 2953.21(C) to consider, among other things, a court reporter's transcript before dismissing a petition for post-conviction relief without a hearing. In Locke, as in the present case, the petitioner had filed a petition alleging ineffective assistance of counsel, and the trial court dismissed the petition without conducting an evidentiary hearing and without reviewing a Crim.R. 11 plea hearing transcript. Finding plain error in the trial court's actions, the Sixth District Court of Appeals cited R.C.2953.21(C), which requires the court to review "the court reporter's transcript." The appellate court then explained:
 "* * * The trial judge must review the transcript and cannot rely on personal memory of the prior proceedings, before determining that there are no substantive grounds for relief that require an evidentiary hearing. See State v. Mattox
(1966), 8 Ohio App.2d 65, 67. The failure of the trial court to comply with the statutory requirement prejudiced appellant by denying appellant due process. The trial court cannot adequately determine whether the petition for post-conviction relief can be decided without an evidentiary hearing until the trial court considers the issues raised in the petition in the context of the entire record of the case."
Similarly, in State v. Hoffman (June 27, 1997), Huron App. No. H-96-051, unreported, the court found plain error in the trial court's failure to review a plea hearing transcript before dismissing a post-conviction relief petition. In that case, appellant Michael A. Hoffman's petition alleged ineffective assistance of counsel based upon his attorney forcing him to accept a plea bargain. Hoffman supported the petition with an affidavit from his wife. The trial court rejected the petition, however, stating "that petitioner entered a voluntary plea and that the petitioner had an understanding at the time of his plea of the nature of the charges and the maximum penalty that could be imposed." On appeal, the court reversed the trial court's ruling, stating:
 "* * * [W]hen in a case such as this one, the petitioner alleges ineffective assistance of counsel in a petition for post-conviction relief, the trial court is required to review the transcript of the proceeding in which the defendant entered the guilty plea in order to determine whether the alleged violations affected the knowing and voluntary character of the plea. * * *
 In the case at bar, the trial court specifically found that appellant's entry of his guilty pleas was knowing and voluntary. Nevertheless, a transcript of the Crim.R. 11 proceeding is not a part of the record of this case. Thus, appellant's first assignment of error is found well taken to the extent that the trial court committed plain error by denying the petition without reviewing a transcript of his plea. Locke, supra."
As in Locke and Hoffman, the trial court in the present case rejected a petition alleging ineffective assistance of counsel apparently without first reviewing a plea hearing transcript. We agree that such conduct constitutes plain error given that the trial court based its ruling upon Diviak's responses during the Crim.R. 11 plea colloquy.[2] Accordingly, we reverse that portion of the trial court's September 21, 1997, judgment dismissing Diviak's July 26, 1996, petition for post-conviction relief and remand the cause for further proceedings consistent with this opinion.
Concerning Diviak's September 23, 1996, petition for post-conviction relief based upon S.B. 2 and R.C. 1.58, however, we find the court's failure to review a transcript to constitute harmless error at most. Nothing in the transcript would have been relevant to Diviak's arguments based upon Ohio's new sentencing laws. Moreover, the trial court is correct in its determination that the new sentencing laws do not apply to Diviak, who was convicted and sentenced prior to the legislation's effective date. Accordingly, we affirm the trial court's dismissal of Diviak's September 23, 1996, petition for post-conviction relief.
Finally, we must reverse the trial court's September 17, 1997, denial of Diviak's motion to withdraw his guilty pleas and remand the issue for further consideration. Diviak filed his Crim.R. 32.1 motion to withdraw his guilty pleas on August 6, 1996. He supported the motion with the same affidavits that supported his motion for post-conviction relief based upon ineffective assistance of counsel. In fact, Diviak's arguments supporting his motion to withdraw his guilty pleas were identical to the arguments supporting his ineffective assistance of counsel claims. As we noted above, the most compelling of those arguments alleged that defense counsel forced Diviak into accepting an unwanted plea agreement. The trial court overruled Diviak's motion without conducting a hearing, however, in a September 17, 1997, one-sentence journal entry.
Pursuant to Crim.R. 32.1, a defendant cannot withdraw his guilty pleas after sentencing except to correct a manifest injustice. If true, however, Diviak's assertion that he entered his pleas because his attorney arrived wholly unprepared on the morning of trial and told him his only option was to accept a plea bargain, plead guilty, and appeal later would constitute a manifest injustice. In State v. Kessler (Sept. 30, 1993), Montgomery App. No. 13870, unreported, this court drew an analogy between R.C. 2953 petitions for post-conviction relief and Crim.R. 32.1 post-sentence motions to withdraw a plea. In so doing, we reasoned that "a hearing on a post-sentence motion to withdraw a plea is required if the facts alleged by the appellant and accepted as true would require the court to permit that plea to be withdrawn." Id., citing State v. Hamed (1989), 63 Ohio App.3d 5. As with petitions for post-conviction relief, we also found a post-sentence motion to withdraw a plea subject to dismissal without an evidentiary hearing when the record, including Crim.R. 11 dialogue, shows that the defendant is not entitled to relief and "he has failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or otherwise rendered involuntary." We also noted that a defendant's affidavit alone cannot overcome a record depicting a voluntary plea.
In the present case, however, nothing in the record demonstrates the voluntariness of Diviak's pleas. The record contains no plea form or transcript of Crim.R. 11 proceedings. Furthermore, Diviak has provided affidavits from family members alleging facts that, if accepted as true, would demonstrate a manifest injustice and require the court to allow new pleas. Accordingly, we reverse the trial court's judgment denying Diviak's motion to withdraw his guilty pleas and remand the cause for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
BROGAN, J. and WOLFF, J., concur.
Copies mailed to:
David E. Smith
Thomas E. Diviak
Hon. Richard J. O'Neill
[1] Even if Diviak's responses during the Crim.R. 11 hearing did contradict allegations contained in the affidavits provided by Diviak and his family members, this fact would not necessarily warrant dismissal of his post-conviction relief petition without an evidentiary hearing. See State v. Strutton
(1988), 62 Ohio App.3d 248; State v. Wombold (June 20, 1997), Montgomery App. No. 16237, unreported. Moreover, if nothing in the plea hearing transcript refuted the allegations contained in Diviak's affidavits, he would be entitled to a hearing.State v. Smoot (July 18, 1997), Clark App. No. 96-CA-107, unreported, at n. 2.
[2] We also see no reason why Diviak would be required to request the transcript or ensure that the court had a copy. Diviak petitioned for post-conviction relief and alleged factsde hors the record. He supported his petition with affidavits as required by statute. Consequently, he fulfilled his obligations. In opposition to Diviak's filing, the state filed a motion to dismiss, contending that Diviak's claims were refuted by the record. Specifically, the state relied upon alleged statements Diviak made at his Crim.R. 11 plea hearing to support its request for dismissal. The trial court agreed and cited Diviak's statements at the plea hearing as a basis for dismissing his petition. If the state wished to refute Diviak's facially valid claims with a transcript of his earlier statements, however, it should have produced a transcript for the trial court's review. After raising a facially valid claim based upon evidence de hors the record and supporting it with proper documentation, Diviak was not required to provide a transcript and be the architect of his own demise.