JOURNAL ENTRY and OPINION.
{¶ 1} Defendant-appellant Nicholas Hudak ("Hudak") appeals his sentence in two consolidated cases. Finding no merit to the appeal, we affirm.
 {¶ 2} On February 8, 2001, Hudak pled guilty to one count of felonious assault and one count of grand theft motor vehicle in one case. In the second case, he pled guilty to one count of felonious assault, and all other charges in the two cases were nolled.
 {¶ 3} The court sentenced Hudak in the first case to a seven-year term of imprisonment for felonious assault, to be served concurrently with a one-year term for grand theft. In the second case, the court sentenced him to two years for felonious assault, to be served consecutively to the sentence in the first case.
 {¶ 4} Hudak previously appealed the sentence on the grounds that the court varied from the minimum sentence without making the requisite findings. This court, in State v. Hudak, Cuyahoga App. No. 80605, 2002-Ohio-3638, vacated the sentence and remanded the case for resentencing because the trial court failed to first consider imposing the minimum sentence before imposing a greater sentence on Hudak, who had never previously served any prison time.
 {¶ 5} Upon remand, the trial court resentenced Hudak on October 23, 2002. At the resentencing hearing, the court heard arguments from both sides. The prosecutor submitted the transcript from the first sentencing hearing which contained, among other things, one of the victim's statements from that hearing. The court imposed the same sentence it had previously imposed but explained its reasons for not imposing the minimum sentence. Hudak appealed, raising six assignments of error.
 Restricted Information {¶ 6} In his first assignment of error, Hudak argues the trial court's reliance on the original probation report was improperly prejudicial to Hudak because it was not available to Hudak's counsel at the resentencing hearing. In support of this argument, he relies on Statev. Mattox (1966), 8 Ohio App.2d 65, State v. Denoon (1966),8 Ohio App.2d 70, and In re Oliver (1948), 333 U.S. 257. However, we find these cases distinguishable from the case at bar.
 {¶ 7} In Mattox, the court denied a petition for postconviction relief. Although the court held an evidentiary hearing, it denied the petition based upon the court's personal recollection of evidence presented at trial, which was not presented at the postconviction hearing. In reversing the case, the Mattox court explained: "When a trier of facts relies upon personal knowledge, he necessarily deprives the litigant of the right of confrontation, cross-examination and an impartial tribunal." Id. at 68.
 {¶ 8} In State v. Denoon (1966), 8 Ohio App.2d 70, the same court held that when a judge presiding over a postconviction hearing relies on personal recollection of what occurred before him at the defendant's arraignment, the defendant's constitutional rights of confrontation, cross-examination, and an impartial tribunal are violated.
 {¶ 9} In the instant case, the court relied upon the presentence investigation report which was prepared for the first sentencing hearing and is part of the court record. The judge was, therefore, reviewing matters pertinent to the sentencing as opposed to matters outside the record. Therefore, Mattox and Denoon are not applicable to the facts of this case.
 {¶ 10} In In re Oliver, an inmate appeared as a witness before a "one-person" grand jury, a circuit judge. After the inmate testified, the judge told the inmate that he did not believe him, charged the inmate with contempt, convicted him, and proceeded to sentence him to 60 days in jail. In re Oliver, supra, at 264. The inmate filed a habeas corpus petition with the Michigan Supreme Court. The judge filed portions of the transcript containing the testimony which he found to be false and evasive. The inmate unsuccessfully petitioned to have the entire transcript filed. The Michigan Supreme Court denied the petition. The United States Supreme Court reversed and found that the investigation became a clandestine trial where the grand jury became a judge, and the witness became the accused. The Court went on to hold that this procedure violated the Fourteenth Amendment guarantee that no one shall be deprived of his liberty without due process of law, especially since the inmate was not afforded a reasonable opportunity to defend himself. Id. at 273.
 {¶ 11} In contrast, the trial judge in the instant case gave defense counsel an opportunity to review the entire court file, including presentence reports and the transcript from the prior sentencing hearing. Although the court apparently did not review the presentence report, there is no evidence that the presentence report was unavailable or unobtainable.
 {¶ 12} Moreover, the court explicitly asked Hudak's trial counsel, who is also his appellate counsel, if he had an opportunity to review all the material. Defense counsel responded, "Yeah, I've gone through the file. I haven't — I haven't seen a probation report, but I've gone through the file. I got information, some background information, in connection with this particular case, your Honor."
 {¶ 13} Although defense counsel stated that he did not see the probation report, he never expressed a desire to review it before proceeding with the sentencing. There is no evidence suggesting the court refused to allow Hudak or his lawyer to review it. Rather, the court gave defense counsel every opportunity to prepare a mitigating statement for sentencing when it asked defense counsel if he had an opportunity to review the entire file. Therefore, we find the court did not violate Hudak's right to due process. Accordingly, the first assignment of error is overruled.
 More Than Minimum Sentence and Consecutive Sentences {¶ 14} In his second assignment of error, Hudak argues the trial court erroneously sentenced him to more than a minimum sentence without making the findings necessary to impose a sentence greater than the minimum. In his fifth assignment of error, Hudak again argues the trial court erred in sentencing him to more than a minimum sentence but also argues the court erroneously imposed consecutive sentences without making the findings required by statute.[1]
 {¶ 15} A trial court has broad discretion when sentencing within the statutory guidelines, such that a reviewing court may not disturb a sentence imposed by a trial court unless it finds by clear and convincing evidence that the sentence is not supported by the record, or is contrary to law. State v. Haines, Franklin App. No. 98-AP-195, 1998 Ohio App. LEXIS 5332.
 {¶ 16} R.C. 2929.14(B) provides:
"[I]f the court imposing a sentence upon an offender for a felonyelects or is required to impose a prison term on the offender and if theoffender previously has not served a prison term, the court shall imposethe shortest prison term authorized for the offense pursuant to division(A) of this section, unless the court finds on the record that theshortest prison term will demean the seriousness of the offender'sconduct or will not adequately protect the public from future crime bythe offender or others."
 {¶ 17} In construing R.C. 2929.14(B), the Ohio Supreme Court explained that unless the trial court decides to impose the minimum prison term authorized upon a felony offender who has never served a prison term, the record of the sentencing hearing must reflect the court's finding that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender. State v. Edmonson (1999), 86 Ohio St.3d 324. Either or both of these reasons for exceeding the minimum term will support imposition of a longer sentence. Id. at 326.
 {¶ 18} Further, the Ohio Supreme Court explained that R.C.2929.14(B) does not require the sentencing court to explain its finding that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. Id. at 328. However, it explained, the record must reflect that the trial court first considered imposing the minimum term, then relied upon one or both of those express findings to depart from that statutorily mandated minimum. Id.
 {¶ 19} Pursuant to R.C. 2929.14(E)(4), the court may impose consecutive sentences for conviction of multiple offenses if the court finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
"(a) The offender committed the multiple offenses while the offenderwas awaiting trial or sentencing, was under a sanction imposed pursuantto section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was underpost-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusualthat no single prison term for any of the offenses committed as part of asingle course of conduct adequately reflects the seriousness of theoffender's conduct.
 (c) The offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public from futurecrime by the offender." R.C. 2929.14(E)(4).
 {¶ 20} When a trial court imposes consecutive sentences under R.C. 2929.14, it must also comply with R.C. 2929.19(B)(2)(c), which requires the court "make a finding that gives its reasons for selecting the sentences imposed." The requirement that a court give its reasons for selecting consecutive sentences is separate and distinct from the duty to make the findings required by R.C. 2929.14(E)(4). State v. Brice, Lawrence App. No. 99 CA21, 2000 Ohio App. LEXIS 1386. Thus, after the court has made the required findings under R.C. 2929.14, it must then justify those findings by identifying specific reasons supporting the imposition of consecutive prison terms. Id.; see, also, State v. Hurst, Franklin App. No. 98-AP-1549, 2000 Ohio App. LEXIS 816.
 {¶ 21} At the sentencing hearing in the instant case, the court stated it was considering the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A). The court also stated that although Hudak showed remorse, which is a factor to consider in determining whether recidivism is less likely, it found that Hudak's juvenile record and history involving domestic violence, drugs, receiving stolen property, and weapons control indicated recidivism was more likely.
 {¶ 22} The court further stated:
"Well, we have a presumption to begin with, then we have more seriousoutweighing less serious, and we have recidivism more likely outweighingrecidivism less likely in this case. Also, regarding prison terms, as Istated before, the reason we're here, the Court would have to impose theshortest term unless the offender served a — previously served aprison term, which is not applicable here, or demeans the seriousness ofthe offense, or does not adequately protect the public.
* * *
 * * The Court does make a finding that consecutive terms are necessaryto protect the public and punish the offender. It is notdisproportionate to his conduct and the danger it imposes, and the harmis too great and unusual, a single term does not adequately reflect theseriousness of his conduct.
 Let's go over some of the facts. As I stated in the first sentencing,I point to the severe injuries the victim sustained in this case. Mr.Rose spent one week in a coma in a hospital with a brain injury. And thesecond one, second case, felonious assault, as I stated before, is acontinuation of criminal conduct. Having done the first one, he shouldnot have done the second. I point further to his prior juvenile record.As I indicated, there is an indication of recidivism, and also state thatthe Court does not impose the shortest term because it does demean theseriousness of the offense in this case, meaning the severe injuries thatoccurred to Mr. Rose. Again, I reiterate, one week in the hospital in acoma with a brain injury. And that is why the shortest term is notimposed. That's why we're here for resentencing."
 {¶ 23} Thus, the trial court not only explained why it was not imposing the minimum sentence but also gave specific reasons justifying the imposition of consecutive sentences. The reasons given for imposing more than the minimum sentence and for the consecutive sentences were all based on the reasons enumerated in the statute, i.e., the likelihood of recidivism, seriousness of the harm to the victim, and the necessity to protect the public. Therefore, the second and fifth assignments of error are overruled.
 Resentencing Hearing {¶ 24} In his third assignment of error, Hudak argues the trial court failed to conduct a proper resentencing hearing. Although Hudak claims the resentencing hearing was not a proper sentencing hearing, he fails to explain how the hearing was improper.
 {¶ 25} This case was remanded for resentencing. Because the court of appeals does not have the power to vacate just a portion of a sentence, when a case is remanded for resentencing, the trial court must conduct a complete sentencing hearing and must approach resentencing as an independent proceeding complete with all applicable procedures. Statev. Bolton (2001), 143 Ohio App.3d 185, 188-189. See, also, State v.Steimle, Cuyahoga App. Nos. 79154 and 79155, 2000-Ohio-2238; R.C.2929.19(A)(1). In Steimle, this court explained that upon resentencing:
"The defendant and the victim(s) are allowed to present information, adefendant has a right to speak prior to imposition of sentence, and ajudge is required to consider the record, any information presented, anypresentence report, and any victim impact statement before imposingsentence. A defendant also is entitled to notice of his right to appeal,to have a lawyer appointed if he is indigent, and must be notified thatpost-release control is part of his sentence, if, in fact, it is to bepart of his sentence."
 {¶ 26} A review of the sentencing transcript reveals the court conducted a new sentencing hearing and approached the resentencing as an independent proceeding. The victims were advised of the resentencing hearing and were invited to appear and make a statement. Although one of the victims was unable to attend the resentencing hearing, the court considered the statements he made at the first sentencing hearing. The court also gave Hudak an opportunity to speak on his own behalf in mitigation of sentence.
 {¶ 27} Further, as previously explained, the court made all the requisite findings for imposing more than the minimum sentence and for consecutive sentences based on facts in the record. The court also notified Hudak that he would be subject to five years of post-release control and Hudak was represented by counsel. Although the trial court failed to inform Hudak of his right to appeal, because this matter is before this court on appeal, this error is harmless. See State v.Johnson, Clermont App. No. CA2000-11-089, 2001-Ohio-8686, citing In reHaas (1975), 45 Ohio App.2d 187, 190; State v. McCabe, Clermont App. Nos. CA92-09-090, CA92-09-091, 1993 Ohio App. LEXIS 2108. Therefore, the trial court properly conducted a complete resentencing hearing as an independent proceeding. Accordingly, the third assignment of error is overruled.
 Hudak's Accomplishments Since the First Sentencing Hearing {¶ 28} In his fourth assignment of error, Hudak argues the trial court committed reversible error in refusing to consider his good behavior and accomplishments since the prior sentencing. At the sentencing hearing, Hudak's counsel advised the court that while serving the original sentence, Hudak took an anger management course and completed a tutoring workshop which would allow him to tutor other individuals in prison. He also obtained a GED. Hudak's counsel argued that these achievements make him less likely to reoffend.
 {¶ 29} The court did not consider any of these accomplishments, stating:
"I must reiterate that we're put in the same position that we wereright before I sentenced Mr. Hudak the first time. The Court cannotconsider what he's done after that. That would be appropriate forjudicial release and not resentencing."
 {¶ 30} Upon sentencing, the trial court must consider all relevant factors including, but not limited to, the enumerated factors set forth in R.C. 2929.12. However, the weight to be given those factors rests within the sound discretion of the trial court. State v. Kalman, Ashland App. No. 99-CA-1348, 2000 Ohio App. Lexis 5348; State v. Parker, Clermont App. No. CA 98-04-025, 1999 Ohio App. Lexis 77.
 {¶ 31} Further, in State v. Jackson (1986), 30 Ohio App.3d 149, this court held:
"* * * A trial judge is not constitutionally precluded, in otherwords, from imposing a new sentence, whether greater or less than theoriginal sentence, in light of events subsequent to the first trial thatmay have thrown new light upon the defendant's `life, health, habits,conduct and mental and moral propensities.' Williams v. New York,337 U.S. 241, 245. Such information may come to the judge's attentionfrom evidence adduced at the second trial itself, from a new presentenceinvestigation, from the defendant's prison record, or possibly from othersources. * * *"
 {¶ 32} Thus, the trial court may consider the defendant's accomplishments achieved subsequent to the prior sentencing hearing. However, because there is nothing in R.C. 2929.12 or any other legal authority making such considerations mandatory upon resentencing, we cannot say the court abused its discretion in refusing to consider them at the resentencing. Therefore, the fourth assignment of error is overruled.
 Consecutive Sentences Exceeding Maximum {¶ 33} In his sixth assignment of error, Hudak argues the trial court erred in imposing consecutive sentences because the consecutive prison terms totaling nine years for the two felonious assault convictions exceeded the eight-year maximum prison term for a single felonious assault conviction.[2]
 {¶ 34} In support of this assertion, Hudak relies on State v.Fort, Cuyahoga App. No. 80604, 2002-Ohio-5068, wherein this court stated:
"Finally, although not raised by appellant, we note that R.C.2929.19(B)(2)(e) requires the trial court to make a finding giving itsreasons for selecting a sentence `if the sentence is for two or moreoffenses arising out of a single incident and it imposes a prison termfor those offenses that is the maximum prison term allowed for theoffense of the highest degree . . .'"
 {¶ 35} Here, Hudak was not sentenced for two or more offenses arising out of a single incident. Rather, he was sentenced on two separate felonious assault convictions that arose out of separate incidents. Indeed, Hudak committed the second felonious assault while he was on bail for the first felonious assault. Therefore, R.C.2929.19(B)(2)(e) and Fort are inapplicable to the facts of this case. Having been convicted of two separate felonious assaults arising out of separate incidents, Hudak was eligible for separate sentences for each offense. Therefore, the trial court did not err in sentencing him to a total of nine years for the two felonious assault convictions. Accordingly, the sixth assignment of error is overruled.
Judgment affirmed.
KENNETH A. ROCCO, A.J. concurs; DIANE KARPINSKI, J. dissents (See attached dissenting opinion).
[1] We note that Hudak failed to raise this issue in his first appeal, but we review it now because the resentencing constitutes a new sentence.
[2] Felonious assault is a second degree felony, for which the maximum prison sentence is eight years. R.C. 2903.11, 2929.14.