[Cite as *State v. Brack*, 2011-Ohio-2946.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|                          | :   | JUDGES:                    |
| ------------------------ | --- | -------------------------- |
| STATE OF OHIO            | :   | Sheila G. Farmer, P.J.     |
|                          | :   | John W. Wise, J.           |
| Plaintiff-Appellee       | :   | Julie A. Edwards, J.       |
|                          | :   |                            |
| -vs-                     | :   | Case No. 2011CA00031       |
|                          | :   |                            |
|                          | :   |                            |
| JOHNNY V. BRACK          | :   | O P I N I O N              |
|                          |     |                            |
| Defendant-Appellant      |     |                            |


CHARACTER OF PROCEEDING:        Criminal Appeal from Stark County
                                Court of Common Pleas Case No.
                                09CR0437

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         June 13, 2011

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOHN D. FERRERO                       JOHNNY V. BRACK, pro se
Prosecuting Attorney                  Inmate No. A584-722
Stark County, Ohio                    Richland Correctional Institution
                                      P.O. Box 8107
BY: RENEE M. WATSON
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio  44702-1413

*Edwards, J.*

{¶1} Appellant, Johnny Brack, appeals a judgment of the Stark County Common Pleas Court dismissing his petition for post-conviction relief. Appellee is the State of Ohio.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2} In October 2008, members of the vice unit of the Canton Police Department began to maintain surveillance on a home occupied by appellant and Leisha Sherrell-Sims. The home was owned by Sims. During the six months that the home was under surveillance, officers observed appellant present at the home and his vehicle was parked at the residence.

{¶3} Officers obtained a search warrant for the home. The master bedroom contained a free-standing clothes rack holding size XXL men's clothing, which would fit appellant. One of the officers had observed appellant wearing some of the items of clothing while the home was under surveillance.

{¶4} Sgt. Bryan McWilliams searched the master bedroom. He noticed what appeared to be a gun case between the bed and the night stand. When the officer opened the case he found a nine millimeter Taurus handgun with one round in the magazine. On top of the night stand next to the gun, McWilliams found one nine millimeter round and mail addressed to appellant. A Rubbermaid container in the same room contained 31 nine millimeter rounds.

{¶5} Sgt. Charles Saler stayed outside the home to direct the SWAT team and maintain a parameter around the house. While Saler observed, appellant attempted to

leave through the back door. Saler ordered appellant to the ground and appellant complied.

{¶6} In April of 2009, appellant was indicted with one count of possession of cocaine and one count of having a weapon under a disability. The case initially proceeded to trial in September, 2009. During the trial it came to the court's attention that a juror told a friend it was not necessary for her to hear any more evidence because of how she felt about people of appellant's race. The court dismissed the jury and declared a mistrial. Appellant did not object.

{¶7} The case again proceeded to trial in January, 2010. Appellant was acquitted of possession of cocaine, but the jury hung on the charge of weapons under disability.

{¶8} The weapons under disability charge proceeded to a third trial on February 17, 2010. Appellant was convicted as charged and sentenced to five years incarceration. His direct appeal from this conviction is pending before this Court.

{¶9} On October 22, 2010, appellant filed a motion for post-conviction relief arguing that the search of his home was executed pursuant to an invalid warrant. The trial court dismissed the petition, finding that the issue could have been raised on direct appeal and was therefore res judicata.

{¶10} On January 3, 2011, appellant filed a second post-conviction petition. Appellant claimed that he was presenting newly discovered evidence which would exonerate him. Specifically, appellant claimed that because the state had voluntarily dismissed the civil forfeiture complaint against him based on its inability to prove that the property sought to be forfeited was derived from or acquired through the

commission of an offense, he could not be guilty of having a weapon under disability. He also argued that the state withheld exculpatory evidence from him in his weapons under disability trial, namely that the state could not meet its burden to prove the civil forfeiture. The court dismissed the petition without a hearing, noting that the currency which was the subject of the forfeiture was related to the possession of cocaine charge of which appellant was acquitted and had nothing to do with the weapons under disability charge. Appellant assigns a single error:

{¶11} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING POST-CONVICTION RELIEF ON SECOND/SUCCESSIVE PETITION."

{¶12} Appellant argues that the court erred in sua sponte dismissing his petition based on memory only, without an official record, and compounded the error by not allowing the matter to "fully ripen for adjudication."

{¶13} Appellant's reliance on *State v. Mattox* (1966), 8 Ohio App.2d 65, 220 N.E.2d 708 is misplaced. In *Mattox*, the court denied the petition based on the court's personal recollection of what occurred at trial, rather than on the evidence presented at the evidentiary hearing on the petition:

{¶14} "The record shows that the judge recounted facts bearing on the issues, which facts were not presented in evidence. In passing upon the truthfulness of appellant's testimony, the court relied not upon the state's evidence alone, but upon personal recollections of what had occurred before him at the criminal trial. With characteristic forthrightness, the court's journal entry recites that the findings of fact were based in part upon 'this court's own personal recollection of the events leading up to and surrounding petitioner's trial.' When a trier of facts relies upon personal

knowledge, he necessarily deprives the litigant of the right of confrontation, cross-examination and an impartial tribunal." Id. at 67.

{¶15} In the instant case, the trial court did not rely on evidence outside the record and did not hold an evidentiary hearing. The transcript attached to appellant's brief, which he argues was necessary for the court to review before dismissing his petition, relates to his motion for disclosure of the identity of the confidential informant and the state's motion for a continuance. This transcript is unrelated to the claims in his post-conviction petition, and further, he did not file this transcript with his petition.

{¶16} As correctly noted by the court, the civil forfeiture case involved money that related to the possession of cocaine charge, of which he was acquitted. The State dismissed the forfeiture not because it had exculpatory evidence related to the weapons under disability charge, but because once appellant was acquitted of the drug charge the State could not prove the cash was derived through commission of the drug offense. There was never any allegation or claim in this case that the money was derived from commission of the weapons under disability charge.

{¶17}  The assignment of error is overruled.

{¶18}  The judgment of the Stark County Court of Common Pleas is affirmed.

By: Edwards, J.

Farmer, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/r0414

[Cite as *State v. Brack*, 2011-Ohio-2946.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                                        :
                                                     :
        Plaintiff-Appellee          :
                                                     :
                                                     :
-vs-                                                 :          JUDGMENT ENTRY
                                                     :
JOHNNY V. BRACK                                      :
                                                     :
        Defendant-Appellant        :          CASE NO. 2011CA00031


    For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed.  Costs assessed to appellant.


                               _____

                               _____

                               _____

                                      JUDGES