[Cite as *State v. Ross*, 2014-Ohio-4566.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100708**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LARRY ROSS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-11-554463-A

**BEFORE:** E.T. Gallagher, J., Celebrezze, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** October 16, 2014

**ATTORNEYS FOR APPELLANT**

Robert E. Dintaman
The Standard Building
1370 Ontario Street
Suite 330
Cleveland, Ohio 44113

Paul A. Mancino
Mancino, Mancino & Mancino
75 Public Square Building
Suite 1016
Cleveland, Ohio 44113-2098


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Edward D. Brydle
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Larry Ross ("Ross"), appeals the consecutive sentence he received upon resentencing. We find no merit to the appeal and affirm; however, we remand this case to the trial court to correct its sentencing entry with a nunc pro tunc entry.

{¶2} Ross was convicted after a jury trial of aggravated robbery, kidnaping, grand theft of a motor vehicle, petty theft, criminal damaging, having weapons while under disability, and tampering with evidence. The aggravated robbery and kidnaping convictions included one- and three-year firearm specifications. Ross was also convicted of felonious assault of a police officer together with one-, three-, and seven-year firearm specifications as alleged in Count 5 of the indictment. These charges resulted from Ross having fired a gun at a police officer who was chasing him while he was fleeing from the crime scene.

{¶3} The court found Ross guilty of the notices of prior conviction, repeat violent offender specifications, and forfeiture specifications attendant to the aggravated robbery, kidnaping, and felonious assault charges. The trial court imposed a consecutive 21-year prison term, and Ross appealed. This court affirmed Ross's convictions but remanded the case to the trial court "for resentencing only as to the sentence imposed on Count 5,

which was ordered to be served consecutive to the sentences on the other counts." *State v. Ross*, 8th Dist. Cuyahoga No. 98763, 2013-Ohio-3130, ¶ 78.

**{¶4}** On remand, the trial court sentenced Ross to five years on the underlying felonious assault charge. The court merged the one-, three-, and seven-year firearm specifications into a single seven-year term to be served prior to and consecutive to the five years on the underlying felonious assault. The court ordered the aggregate 12 years on Count 5 run consecutive to the period of imprisonment on the other counts for which Ross had previously been sentenced in this case. Ross now appeals this new sentence and raises seven assignments of error.

## Allocution

**{¶5}** In the first assignment of error, Ross argues the trial court denied him his constitutional right of allocution at the time of resentencing.

**{¶6}** Crim.R. 32(A)(1) provides that "[a]t the time of imposing sentence, the court shall * * * [a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." *See also* R.C. 2929.19(A) (providing that at the sentencing hearing, the court shall "ask the offender whether the offender has anything to say").

**{¶7}** The purpose of allocution is to afford the defendant an opportunity to present additional information to the court that it may consider when fashioning an appropriate sentence. *Defiance v. Cannon*, 70 Ohio App.3d 821, 828, 592 N.E.2d 884 (3d

Dist.1990). A trial court complies with a defendant's right of allocution when it addresses the defendant personally and asks whether he has anything he would like to say on his own behalf. *State v. Green*, 90 Ohio St.3d 352, 359, 738 N.E.2d 1208 (2000), citing *Green v. United States*, 365 U.S. 301, 305, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961).

{¶8} Despite Ross's argument to the contrary, Ross was afforded his right to allocution but he chose not to make a statement. At the sentencing hearing, the court asked Ross's lawyer if he had anything he wanted to say on behalf of his client. After the lawyer commented briefly, the court turned to Ross and asked: "Mr. Ross, what would you like to say on your own behalf?" Ross made no reply and his lawyer stated: "Judge, he's not going to address the Court." Just because Ross declined the court's offer to make a statement in his own defense does not mean he was deprived of his right of allocution.

{¶9} The first assignment of error is overruled.

### Firearm Specifications

{¶10} In the second assignment of error, Ross contends the trial court erred in failing to merge the seven-year firearm specification attendant to the felonious assault charge with the one- and three-year firearm specifications attendant to the aggravated robbery and kidnaping charges. He contends all the firearm specifications from all the charges should have merged into a single seven-year prison term.

{¶11} Despite defense counsel's request at the original sentencing to merge all the firearm specifications, the trial court did not merge the seven- year firearm specification

with the other firearm specifications at the original sentencing hearing. Ross appealed his original consecutive sentence and argued that his aggravated robbery conviction should have merged with his kidnaping conviction, but he never argued the trial court's failure to merge all the firearm specifications was an error in his first appeal.

{¶12} "Where an argument could have been raised on an initial appeal, res judicata dictates that it is inappropriate to consider that same argument on a second appeal following remand." *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143, 652 N.E.2d 710 (1995). *Accord State v. Gillard*, 78 Ohio St.3d 548, 549, 679 N.E.2d 276 (1997) (on appeal after remand, "new issues" are barred by res judicata). Ross could have raised the merger of all firearm specifications as error in his first appeal but failed to do so. Therefore, this argument is barred by res judicata.[1]

{¶13} The second assignment of error is overruled.

**Prior Recollection**

{¶14} In the third assignment of error, Ross argues the trial court violated his right to due process because it relied upon its recollection of the first sentencing hearing when

---

[1] Even if this argument were not barred by res judicata, the seven-year firearm specification would not have merged with the other firearm specifications. Although multiple firearm specifications must be merged at sentencing if the offenses were committed as part of the same transaction, R.C. 2929.14(B)(1)(b) provides an exception where two or more of the offenses are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape and requires the firearm specification attendant to those offenses run consecutive to other firearm specifications. *State v. Vanderhorst*, 8th Dist. Cuyahoga No. 97242, 2013-Ohio-1785, ¶ 10. In this case, Ross was convicted of aggravated robbery and felonious assault. Therefore, the firearm specifications on those charges do not merge.

it imposed the sentence on Count 5. He contends the trial court should not have considered the victim statements from the first sentencing at the resentencing hearing.

{¶15} In support of this argument, Ross relies on *State v. Mattox*, 8 Ohio App.2d 65, 220 N.E.2d 708 (10th Dist.1966), which we find distinguishable to the facts of this case. In *Mattox*, the trial court denied a petition for postconviction relief. Although the trial court in *Mattox* held an evidentiary hearing, it denied the petition based upon the court's personal recollection of evidence presented at trial. That evidence was not presented at the postconviction hearing. In reversing the trial court's judgment, the court explained that "[w]hen a trier of facts relies upon personal knowledge, he necessarily deprives the litigant of the right of confrontation, cross-examination and an impartial tribunal." *Id*. at 68.

{¶16} Ross's appeal does not involve a postconviction relief petition; it concerns the new sentence he received on remand. Pursuant to R.C. 2929.19(B), before imposing sentence, a trial court must consider "the record, and information presented at the hearing, any presentence investigation report, and any victim impact statement." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37.

{¶17} The transcript of the first sentencing hearing, which included the victim impact statements, was part of the record. In accordance with R.C. 2929.19(B), the court stated, in relevant part: "The Court has considered the record. The Court has considered the oral statements made at the original sentencing hearing, specifically to include the statements of the victims in this case." The court's statement indicates the judge relied

on the record rather than her own personal recollection of the victim statements.  We therefore find no due process violation.

{¶18} The third assignment of error is overruled.

## Judicial Factfinding

{¶19} In the fourth assignment of error, Ross argues the trial court violated his Sixth Amendment right to a jury trial when it sentenced him to more than the minimum sentence as a result of judicial factfinding.  Specifically, Ross refers to the court's observation that he "showed no remorse."   In support of his argument, Ross relies on the Sixth Amendment jurisprudence enunciated in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

{¶20} In *Apprendi* and *Blakely*, the United States Supreme Court held that a jury must determine any fact, other than a prior conviction, that increases the maximum authorized penalty for a crime.  *Apprendi* at syllabus; *Blakely* at syllabus.  Pursuant to *Apprendi* and *Blakely*, the Ohio Supreme Court held that former R.C. 2929.14(B), (C), (E)(4), and R.C. 2929.19(B)(2) violated a defendant's Sixth Amendment right to a jury trial by requiring the court to make particular findings before it could impose a maximum, consecutive, or more than the minimum sentence.  *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 3-7.   Accordingly, the *Foster* court excised all

unconstitutional aspects of Ohio's sentencing scheme pursuant to *Apprendi* and *Blakely*. *Id*. at paragraphs two, four, and six of the syllabus.[2]

{¶21} Although *Foster* eliminated mandatory judicial fact-finding, it left R.C. 2929.11 and 2929.12 intact. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 13. As a result, the trial court must still consider these statutes when deciding an appropriate sentence. *State v. Gebhardt*, 8th Dist. Cuyahoga Nos. 97865 and 97866, 2013-Ohio-166, ¶ 8. Further, there is no requirement that a court explain its reasons in order to demonstrate compliance with R.C. 2929.11 and 2929.12. *State v. Townsend*, 8th Dist. Cuyahoga No. 99896, 2014-Ohio-924, ¶ 12. R.C. 2929.11 and 2929.12 do not require judicial factfinding; they direct trial courts to "consider" certain enumerated factors. *Id*.

{¶22} R.C. 2929.11(A) provides that when a trial court sentences an offender for a felony conviction, it must be guided by the "overriding purposes of felony sentencing." Those purposes are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(B) states that a felony sentence "must be

---

[2] The United States Supreme Court later held that it is constitutionally permissible for states to require judges to make findings of fact before imposing consecutive sentences. *Oregon v. Ice*, 555 U.S. 160, 164, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009). The Ohio Supreme Court subsequently held that its decision in *Foster* remained valid after *Ice*, and that the judiciary was not required to make findings of fact prior to imposing maximum or consecutive sentences "unless the General Assembly enacts new legislation requiring that findings be made." *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, paragraph three of the syllabus. Thereafter, the Ohio General Assembly enacted 2011 Am.Sub. H.B. No. 86 ("H.B. 86"), which removed the unconstitutional statutory provisions and revived the judicial fact-finding requirement for consecutive sentences.

reasonably calculated to achieve the purposes set forth under R.C. 2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶23} R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses. As relevant here, R.C. 2929.12(D)(5) and (E)(5) state that the sentencing court shall consider whether the offender shows "genuine remorse." The trial court was not required to find a lack of remorse before it could impose greater than the minimum sentence. It merely considered Ross's lack of remorse as one of many recidivism factors weighing in favor of a longer sentence. Therefore, there was no Sixth Amendment violation.

{¶24} The fourth assignment of error is overruled.

### Consecutive Sentences

{¶25} In the fifth assignment of error, Ross argues he was denied due process of law when the court ordered his sentence to run consecutively because it based its decision on "rote recitation" of the language contained in R.C. 2929.14(C)(4). He contends the trial court failed to engage in an independent analysis.

{¶26} R.C. 2929.14(C)(4) requires a sentencing judge to make three statutory findings before imposing consecutive sentences and incorporate those findings in the journal entry. *State v. Bonnell*, Slip Opinion No. 2014-Ohio-3177, ¶ 29. First, the trial

court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." R.C. 2929.14(C)(4). Second, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id*. Finally, the trial court must find that at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

"[A] word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id*. The failure to make the findings, however, is "contrary to law." *Bonnell* at ¶ 37.

{¶27} Although no explanations were necessary, the trial court in this case did more than merely recite language from the statute. In finding that consecutive service was necessary to protect the public and to punish Ross, and was not disproportionate to

the seriousness of Ross's conduct, the trial court discussed Ross's conduct and the psychological harm the victims suffered. The court explained:

> [Father] also testified that his son had to see a psychiatrist so certainly there was an amount of trauma associated with being forced into the van and then the defendant having him take his pants off, stealing his iPod, going down the street a couple blocks, then ultimately throwing him out of the vehicle without his pants on and no phone, no means to contact anyone.
> And this Court believes that this young man was frightened to death based upon what was heard at the time of trial. * * *

> Also, speaking of Officer Nan * * * shots had been fired at a police officer. Officer Nan was running * * * trying to pursue the defendant, and the defendant was firing at him and as Officer Nan stated, the defendant was not too far away, and it would have hit him in the head and shoulder and could have absolutely killed him.

{¶28} The court further recited Ross's criminal record, which included a prior felonious assault conviction with a one-year firearm specification. Although Ross served a prison term, the court observed that the sentence "did not change Mr. Ross' behavior in any way." Based on these facts, the court found that

> the consecutive sentence is necessary to protect the public from future crime and to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public and * * * the defendant was out on bond in two other cases when this offense was committed.

{¶29} Although the trial court was not required to provide reasons for its findings, the trial court in this case offered a detailed analysis in support of its findings. However, the trial court did not state its findings in the journal entry. "A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law."

*Bonnell* at ¶ 30. This clerical mistake "may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Id*. Therefore, the fifth assignment of error is sustained only to the extent that the trial court inadvertently failed to incorporate the statutory findings in the sentencing entry.

## Postsentence Behavior

{¶30} In the sixth assignment of error, Ross argues the court should have considered his behavior during the intervening period from the original sentencing and the resentencing hearing. However, as previously stated, Ross decided not to exercise his right of allocution and did not provide the court with any information concerning his postsentence behavior. Nor does Ross identify in the record any information regarding his behavior after the first sentencing as required by App.R. 16(A). We therefore overrule this assigned error pursuant to App.R. 12(A)(2).

## Date of Offense

{¶31} In the seventh assignment of error, Ross argues the trial court erred when it imposed his consecutive sentence because it applied the wrong felony sentencing statute. Ross contends the trial court should have applied the sentencing law in effect at the time the offense was committed.

{¶32} Ross was indicted on September 20, 2011, for offenses he allegedly committed on April 11, 2011. On September 30, 2011, the General Assembly, enacted H.B. 86, which, as previously stated, revived the requirement that trial courts make findings before imposing consecutive sentences under R.C. 2929.14(C). The General

Assembly expressly provided in Section 4 of H.B. 86: "The amendments * * * apply to a person who commits an offense specified *or penalized* under those sections on or after the effective date of this section[.]" (Emphasis added.) Therefore, the trial court was required to, and did, sentence Ross according to the revisions implemented in H.B. 86. *State v. Lebron*, 8th Dist. Cuyahoga No. 97773, 2012-Ohio-4156, ¶ 7 (recognizing that if defendant is sentenced after September 30, 2011, the trial court is required to sentence defendant according to the revisions implemented in H.B. 86).

**{¶33}** Therefore, the seventh assignment of error is overruled.

**{¶34}** The trial court's judgment is affirmed. However, we remand this case to the trial court for the sole purpose of correcting the sentencing entry dated November 9, 2013, with a nunc pro tunc entry to reflect the findings the court made on the record. Journal entries must conform to the demonstrated record. *See* Crim.R. 36 and App.R. 9(E).

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for correction of the journal entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
PATRICIA ANN BLACKMON, J., CONCUR